## IN UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BLANTON ROBERTS, | * | |
| **Plaintiff,** | * | |
| v. | | |
| | * | **Civil No.: 1:18-cv-01940-CCB** |
| BALTIMORE CITY POLICE DEPARTMENT, *et al.*, | | |
| | * | |
| **Defendants.** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## DEFENDANT BALTIMORE CITY POLICE DEPARTMENT'S ANSWER, AFFIRMATIVE DEFENSES, AND CROSS-CLAIM FOR INDEMNIFICATION

Defendant, the Baltimore City Police Department ("Defendant" or "Defendant BPD"), by and through its undersigned counsel, pursuant to Federal Rule of Civil Procedure 8 and Federal Rule of Civil Procedure 12, hereby answers the Complaint (*ECF No*. 1), files its affirmative defenses, and asserts its cross-claim against co-Defendants Jenkins, Hendrix, Taylor, Allers, and Ward, as follows:

## INTRODUCTION

This introductory paragraph is a statement of the case to which no response is required. To the extent a response is required, Defendant BPD denies all allegations contained in this paragraph.

## PARTIES

1.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 1, that Plaintiff is a 37 year old, African American, resident of the State of Maryland, and the averments are therefore deemed denied.

2.	Defendant admits that Marcus Taylor was an employee of the Baltimore City Police Department. The statement contained in sentence one of Paragraph 2, that Marcus Taylor was "acting in the course and scope of his official duties" as an officer of the Baltimore City Police Department, is denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of second sentence of Paragraph 2, that Marcus Taylor was on duty and participated in the stop and apprehension of Plaintiff, and the averments are therefore deemed denied. Defendant admits that Plaintiff is suing Marcus Taylor in his official and individual capacities.

3.	Defendant admits that Evodio Hendrix was an employee of the Baltimore City Police Department, but states that the statement contained in sentence one of Paragraph 3, that Evodio Hendrix was "acting in the course and scope of his official duties" as an officer of the Baltimore City Police Department, is denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of second sentence of Paragraph 3, that Evodio Hendrix was on duty and participated in the stop and apprehension of Plaintiff, and the averments are therefore deemed denied. Defendant admits that Plaintiff is suing Evodio Hendrix in his official and individual capacities.

4.	Defendant admits that Maurice K. Ward was an employee of the Baltimore City Police Department, but states that the statement contained in sentence one of Paragraph 4, that Maurice K. Ward was "acting in the course and scope of his official duties" as an officer of the Baltimore City Police Department, is denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of second sentence of Paragraph 4, that Maurice K. Ward was on duty and participated in the stop and apprehension of Plaintiff, and the

averments are therefore deemed denied. Defendant admits that Plaintiff is suing Maurice K. Ward in his official and individual capacities.

5.      Defendant admits that Wayne Jenkins was an employee of the Baltimore City Police Department, but states that the statement contained in sentence one of Paragraph 5, that Wayne Jenkins was "acting in the course and scope of his official duties" as an officer of the Baltimore City Police Department, is denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of second sentence of Paragraph 5, that Wayne Jenkins was on duty and participated in the stop and apprehension of Plaintiff, and the averments are therefore deemed denied. Defendant admits that Plaintiff is suing Wayne Jenkins in his official and individual capacities.

6.      Paragraph 6 is a statement concerning the Office of the State's Attorney for Baltimore City as a named Defendant in this matter, and does not contain any allegation against the Defendant, therefore no answer is required. To the extent that Paragraph 6 can be read or interpreted to state any claim of wrongdoing against Defendant BPD, same is denied.

7.      Paragraph 7 does not contain an allegation against Defendant, therefore no answer is required. To the extent that Paragraph 7 can be read or interpreted to state any claim of wrongdoing against Defendant BPD, same is denied.

8.      Paragraph 8, and all sub-parts (a-f) of Paragraph 8, are denied.

9.      Paragraph 9 does not contain an allegation against Defendant BPD, therefore no answer is required. To the extent that Paragraph 9 can be read or interpreted to state any claim of wrongdoing against Defendant BPD, same is denied.

10.     Paragraph 10 does not contain an allegation against Defendant, therefore no answer is required.  To the extent that Paragraph 10 can be read or interpreted to state any claim of wrongdoing against Defendant BPD, same is denied.

11.     Defendant admits the first three sentences of Paragraph 11.  The averments contained in sentence four of Paragraph 11 are denied.  Defendant admits the averments of sentence five of Paragraph 11.

12.     Paragraph 12 contains legal citation, legal argument, and legal conclusions concerning Defendant's status as a legal entity to which no answer is required.

13.     Paragraph 13 consists of legal conclusions to which no answer is required.  To the extent Defendant BPD is required to answer, the allegations are denied.

14.     Paragraph 14, and all sub-parts (a-f) of Paragraph 14, are denied.

15.     Paragraph 15 is denied.

16.     Paragraph 16 is denied.

17.     Paragraph 17 is admitted to the extent that it alleges Defendant Allers was a sergeant in the Baltimore Police Department assigned as a sergeant of the unit known as the Gun Trace Task Force at the time forming the basis of Plaintiff's Complaint, that is, October 7, 2015.  To the extent that Paragraph 17 alleges "that at all times relevant", Defendant is without sufficient information or knowledge to form a belief as to the averment of Paragraph 17, and therefore the allegations are deemed denied.

18.     Paragraph 18 does not contain an allegation against Defendant BPD and therefore no answer is required.  To the extent that Paragraph 18 can be read or interpreted to state an allegation of wrongdoing on behalf of Defendant BPD, all said wrongdoing is denied.

19.     Paragraph 19 does not contain an allegation against Defendant, and therefore no answer is required.   To the extent that Paragraph 19 can be read or interpreted to state an allegation of wrongdoing on behalf of Defendant BPD, all said wrongdoing is denied.

20.     Defendant BPD admits the averment in Paragraph 20 that the Defendant Officers Jenkins, Hendrix, Ward, Allers and Taylor were involved in their own criminal enterprise.  The rest of the averments in Paragraph 20 do not contain an allegation against Defendant BPD, and therefore no answer is required.   To the extent that Paragraph 20 can be read or interpreted to state an allegation of wrongdoing on behalf of Defendant BPD, all said wrongdoing is denied.

21.     Paragraph 21 is denied.

22.     Paragraph 22 is admitted to the extent that it alleges Defendant Dombroski was employed as a Major by the Baltimore City Police Department at the time forming the basis of Plaintiff's Complaint, that is, October 7, 2015. The allegation that Defendant Domborski was the Major in charge of the Internal Affairs Division at the time of Plaintiff's arrest, that is October 2015, is denied.

23.     Paragraph 23 is denied.

24.     Paragraph 24 is denied.

25.     Paragraph 25 is denied.

26.     Paragraph 26 is admitted to the extent that it alleges Defendant Palmere was a Deputy Police Commissioner with the Baltimore Police Department at the time forming the basis of Plaintiff's Complaint, that is, October 7, 2015.  To the extent that Paragraph 26 alleges that "at all times relevant", Defendant is without sufficient information or knowledge to form a belief as to the averments of Paragraph 26 and the averments are therefore deemed denied.

27.     Paragraph 27 is denied.

28.     Paragraph 28 is denied.

29.     Paragraph 29 is denied.

30.     Paragraph 30 is denied.

31.     The averments of Paragraph 31 consist of legal conclusions to which no answer is required.  To the extent an answer is required, the allegations of Paragraph 31 are denied.

## JURISDICTION AND VENUE

32.     Paragraph 32 reincorporates all previous Paragraphs of the Complaint, and therefore Defendant adopts all of its previous answers to said Paragraphs as made herein.

33.     The averments of Paragraph 33 consist of legal conclusions to which no answer is required.  To the extent an answer is required, the allegations of Paragraph 33 are denied.

34.     The averments of Paragraph 34 consist of legal conclusions to which no answer is required.  To the extent an answer is required, the allegations of Paragraph 34 are denied

35.     The averments of Paragraph 35 consist of legal conclusions to which no answer is required.  To the extent an answer is required, the allegations of Paragraph 35 are denied.

## FACTUAL ALLEGATIONS

36.     Paragraph 36 reincorporates all previous Paragraphs of the Complaint, and therefore Defendant adopts all of its previous answers to said Paragraphs as made herein.

37.     Defendant admits that at the time of Plaintiff's alleged incident forming the basis of his Complaint, i.e. October 7, 2015, Defendants Hendrix, Ward, Taylor and Jenkins were members employed by Defendant.

38.     Paragraph 38 is admitted to the extent that it alleges that Defendant Allers was a sergeant assigned to the Baltimore Police Department Unit known as the Gun Trace Task Force on the date forming the basis of Plaintiff's Complaint, that is, October 7, 2015.  To the extent

that Paragraph 38 alleges that "at all times relevant" Defendant is without sufficient information or knowledge to form a belief as to the averments of Paragraph 38, and therefore the allegations are deemed denied.

39.     Paragraph 39 is admitted to the extent that it alleges Defendant Dombroski was employed as a Major of the Baltimore Police Department.  Paragraph 39 is denied to the extent that it alleges that at the time of the event forming the basis of Plaintiff's complaint, i.e. October 7, 2015, Defendant Dombroski was a Major assigned to the Internal Affairs Division.  To the extent that Paragraph 39 alleges "that at all times relevant," Defendant is without sufficient information or knowledge to form a belief as to the averments of Paragraph 39, and therefore the averments are deemed denied.

40.     Paragraph 40 is admitted to the extent that it alleges Defendant Palmere was a Deputy Police Commissioner at the time of the event forming the basis of Plaintiff's Complaint, i.e. October 7, 2015.  To the extent that Paragraph 40 alleges "that at all times relevant," Defendant is without sufficient information or knowledge to form a belief as to the averments of Paragraph 40, and therefore the averments are deemed denied.

41.     Paragraph 41 is denied.

42.     Paragraph 42 does not contain an allegation against Defendant, and therefore no answer is required.  To the extent that Paragraph 42 can be read or interpreted to state an allegation of wrongdoing against Defendant BPD, same is denied.

43.     Paragraph 43 is denied.

44.     Paragraph 44 is denied.

45.    The averments of Paragraph 45 do not contain an allegation against Defendant, and therefore no answer is required.  To the extent that Paragraph 45 can be read or interpreted to state an allegation of wrongdoing against Defendant BPD, same is denied.

46.    Paragraph 46 does not contain an allegation against Defendant, and therefore no answer is required.

## Gary Brown Incident

47.    Paragraphs 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, concern and contain recitation of alleged facts concerning an incident involving a citizen named Gary Brown.  Paragraphs 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, do not contain any allegations against Defendant BPD, and therefore no answer is required.  To the extent that Paragraphs 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, may be read or interpreted to state any allegations of wrongdoing on behalf of Defendant BPD, said allegations are denied.

## Gary Clayton Case

48.    Paragraphs 57, 58, 59, 60, 61, 62, 63, 64 concern and contain recitation of alleged facts concerning an incident involving a citizen named Gary Clayton.  Paragraphs 57, 58, 59, 60, 61, 62, 63, 64 do not contain any allegations against Defendant BPD, and therefore no answer is required.  To the extent that Paragraphs 57, 58, 59, 60, 61, 62, 63, 64 can be read or interpreted to state any allegations of wrongdoing on Defendant BPD, said allegations are denied.

## Rakeem Douglas Case

49.    Paragraphs 65, 66, 67 concern and contain recitation of alleged facts concerning an involving a citizen named Rakeem Douglas.  Paragraphs 65, 66, 67 do not contain any allegations against Defendant BPD, and therefore no answer is required.  To the extent that

Paragraphs 65, 66, 67 can be read or interpreted to state any allegations of wrongdoing on behalf of Defendant BPD, said allegations are denied.

**Kendall English Case**

50.     Paragraphs 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79 concern and contain recitation of alleged facts concerning an incident involving a citizen named Kendall English. Paragraphs 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79 do not contain an allegation against Defendant BPD, and therefore no answer is required.  To the extent that paragraphs 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, can be read or interpreted to state any allegation of wrongdoing on behalf of Defendant BPD, said allegations are denied.

**United States Department of Justice Investigation in Baltimore City Police Department**

51.     Paragraph 80 is admitted.

52.     Paragraphs 81, 82, 83, 84, 85, 86 contain direct citations to allegations, ostensible findings and conclusions made by the Department of Justice in its investigative report, attached to Plaintiff's Complaint as "Exhibit 8". To the extent that Plaintiff incorporates and adopts those allegations, ostensible findings and conclusions via Paragraph 81, 82, 83, 84, 85, 86, to impute any liability in this matter to Defendant BPD, Defendant BPD denies all said allegations, ostensible findings and conclusions.

**Federal Criminal Proceedings Against the Gun Trace Task Force**

53.     Paragraph 87 is admitted to the extent that it alleges Defendants Jenkins, Ward, Hendrix and Taylor were indicted by the United States Attorney's Office on March 1, 2017.  To the extent that Paragraph 87 alleges Defendant Allers was indicted on March 1, 2017, the allegation is denied, as based on information and belief Defendant Allers was indicted on a later date than the March 1, 2017 date.

54.    Paragraph 88 is admitted.

55.    Paragraph 89 is admitted.

56.    Paragraph 90 is admitted.

57.    Paragraph 91 is admitted.

58.    Paragraph 92 is admitted.

## **Plaintiff's Case**

59.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 93, and the averments are therefore deemed denied.

60.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 94, and the averments are therefore deemed denied.

61.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 95, and the averments are therefore deemed denied.

62.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 96, and the averments are therefore deemed denied.

63.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 97, and the averments are therefore deemed denied.

64.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 98, and the averments are therefore deemed denied.

65.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 99, and the averments are therefore deemed denied.

66.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 100, and the averments are therefore deemed denied.

67.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 101, and the averments are therefore deemed denied.

68.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 102, and the averments are therefore deemed denied.

69.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 103, and the averments are therefore deemed denied.

70.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 104, and the averments are therefore deemed denied.

71.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 105, and the averments are therefore deemed denied.

72.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 106, and the averments are therefore deemed denied.

73.     Paragraph 107 is admitted to the extent that it alleges Defendants Jenkins, Ward, Hendrix, Taylor were criminally indicted on March 1, 2017.  Based on information and belief, Defendant Allers was indicted on a later date from the March 1, 2017 date.  Paragraph 107 is denied to the extent it alleges Defendants Dombroski and Palmere were indicted.

74.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 108, and the averments are therefore deemed denied.

75.     Defendant is without knowledge or information sufficient to form a belief as to the first averment of Paragraph 109 that Plaintiff was released from prison after two years, and therefore the averments are deemed denied.  The rest of paragraph 109, consists of a legal conclusion for which no answer is required.  To the extent that an answer is required, same is denied.

## Counts I – V (Defendant Taylor)

76.     Counts I through V, comprised by Paragraphs 110 through 146 of the Complaint, are asserted against Defendant Taylor in his official and personal capacity, and not Defendant BPD, and therefore no answer is required.  To the extent that any of the individual Paragraphs 110 through 146 allege that Defendant Taylor was acting within the scope of his employment as a Baltimore City Police Department officer at the time of the events forming the basis of Plaintiff's Complaint, those allegations are denied.  To the extent that any of the individual Paragraphs 110 through 146, comprising Counts I through V of the Complaint, may be read or interpreted to state any allegation of wrongdoing by Defendant BPD, said allegations are denied.

## Counts VI – X (Defendant Hendrix)

77.     Counts VI through X, comprised by Paragraphs 147 through 183 of the Complaint, are asserted against Defendant Hendrix in his official and personal capacity, and  not Defendant BPD, and therefore no answer is required.  To the extent that any of the individual Paragraphs 147 through 183 allege that Defendant Hendrix was acting within the scope of his employment as a Baltimore City Police Department officer at the time of the events forming the basis of Plaintiff's Complaint, those allegation are denied.  To the extent that any of the individual Paragraphs 147 through 183, comprising Counts VI through X of the Complaint, may be read or interpreted to state any allegation of wrongdoing by Defendant BPD, said allegations are denied.

## Counts XI – XV (Defendant Ward)

78.     Counts XI through XV, comprised by Paragraphs 184 through 220, of the Complaint, are asserted against Defendant Ward in his official and personal capacity, and not Defendant BPD, and therefore no answer is required.  To the extent that any of the individual

Paragraphs 184 through 220 allege that Defendant Ward was acting within the scope of his employment as a Baltimore City Police Department officer at the time of the events forming the basis of Plaintiff's Complaint, those allegation are denied. To the extent that any of the individual Paragraphs184 through 220, comprising XI through XV of the Complaint, may be read or interpreted to state any allegation of wrongdoing by Defendant BPD, said allegations are denied.

### Counts XVI – XX (Defendant Jenkins)

79. Counts XVI through XX, comprised by Paragraphs 221 through 257 of the Complaint, are asserted against Defendant Jenkins in his official and personal capacity, and not Defendant BPD, and therefore no answer is required. To the extent that any of the individual Paragraphs 221 through 257 allege that Defendant Jenkins was acting within the scope of his employment as a Baltimore City Police Department officer at the time of the events forming the basis of Plaintiff's Complaint, those allegations are denied. To the extent that any of the individual Paragraphs 221 through 257, comprising XVI through XX of the Complaint, may be read or interpreted to state any allegation of wrongdoing by Defendant BPD, said allegations are denied.

### Count XXI (Civil Conspiracy Claim against Defendants Jenkins, Ward, Hendrix and Taylor)

80. Count XXI, comprised by Paragraphs 258 through 261, is a Civil Conspiracy claim asserted against Defendants Jenkins, Ward, Hendrix and Taylor, and not Defendant BPD. To the extent that any of the individual Paragraphs 258 through 261 suggest any wrongdoing on behalf of Defendant BPD, all said wrongdoing is denied.

### Counts XXII – XXVII (Defendant Baltimore City Office of the State's Attorney)

81. Counts XXII through XXVII, comprised by Paragraphs 262 through 309, are asserted against Defendant Baltimore City Office of the State's Attorney, and not Defendant BPD, and therefore no answer is required. To the extent that any of the individual Paragraphs 262 through 309 alleges any wrongdoing on behalf of Defendant BPD, any and all wrongdoing is denied.

**Count XXVIII (Civil Conspiracy Claim Against Defendant BPD)**

82. Paragraph 310 reincorporates all of Plaintiff's previous allegations, to which Defendant BPD reincorporates all of its responses herein to same.

83. Paragraph 311 is denied.

84. Paragraph 312 is denied.

85. Paragraph 313 is denied.

**Count XXIX (Aider and Abettor Claim against Defendant BPD)**

86. Paragraph 314 reincorporates all of Plaintiff's previous paragraphs of Complaint, to which Defendant BPD reincorporates all of its responses herein to same.

87. Paragraph 315 is denied.

88. Paragraph 316 is denied.

**Count XXX (Unconstitutional Custom, or Practice of Illegal Search, Unlawful Arrest, and Improper Use of Police Powers, against Defendant BPD)**

89. Paragraph 317 reincorporates all of Plaintiff's previous paragraphs of the Complaint, to which Defendant BPD reincorporates all of its responses herein to same.

90. Paragraph 318 is denied.

91. Paragraph 319 is denied.

92. Paragraph 320 is denied.

93. Paragraph 321 is denied.

94. Paragraph 322 is denied.

95. Paragraph 323 is denied.

96. Paragraph 324 is denied.

## Count XXXI (Inadequate Training Claim against Defendant BPD)

97. Paragraph 325 all of Plaintiff's previous paragraphs of the Complaint, to which Defendant BPD reincorporates all of its responses herein to same.

98. Paragraph 326 is denied.

99. Paragraph 327 is denied.

100. Paragraph 328 is denied.

101. Paragraph 329 is denied.

102. Paragraph 330 is denied.

103. Paragraph 331 is denied.

104. Paragraph 332 is denied.

105. Paragraph 333 is denied.

## Count XXXII (Failure to Supervise Claim against Defendant BPD)

106. Paragraph 334 reincorporates all of Plaintiff's previous paragraphs of the Complaint, to which Defendant BPD reincorporates all of its responses herein to same.

107. Paragraph 335 is denied.

108. Paragraph 336 is denied.

109. Paragraph 337 is denied.

110. Paragraph 338 is denied.

111. Paragraph 339 is denied.

112. Paragraph 340 is denied.

113. Paragraph 341 is denied.

114. Paragraph 342 is denied.

115. Paragraph 343 is denied.

116. Paragraph 344 is denied.

117. Paragraph 345 is denied.

118. Paragraph 346 is denied.

119. Paragraph 347 is denied.

120. Paragraph 348 is denied.

121. Paragraph 349 is denied.

**Counts XXXIII – XXXVI (Claims against Defendant Allers)**

122. Counts XXXIII through XXXVI, comprised by Paragraphs 350 through 385, are asserted against Defendant Allers and not Defendant BPD, and therefore no answer is required. To the extent that any of the individual Paragraphs 350 through 385, can be read or interpreted to allege any wrongdoing on behalf of Defendant BPD, all said wrongdoing is denied.

**Counts XXXVII – XXXVIII (Claims against Defendant Dombroski)**

123. Counts XXXVII through XXXVIII, comprised by Paragraphs 386 through 409, are asserted against Defendant Dombroksi in his official and personal capacity, and not Defendant BPD, and therefore no answer is required. To the extent that Counts XXXVII through XXXVIII, comprised by Paragraphs 386 through 409, set out allegations forming the basis of Plaintiff's Monell claim, through alleged actions or omissions on the part of co-Defendant Dombroski, Defendant BPD denies all said allegations.

**Counts XXXIX – XLI (Claims against Defendant Palmere)**

124. Counts XXXIX through XLI, comprised by Paragraphs 410 through 441, are asserted against Defendant Palmere in his official and personal capacity, and not Defendant BPD, and therefore no answer is required. To the extent that Counts XXXIX – XLI, comprised by Paragraphs 410 through 441, set out allegations forming the basis of Plaintiff's Monell claim against Defendant BPD, through the alleged actions or omissions on the part of co-Defendant Palmere, Defendant BPD denies all said allegations.

## FIRST AFFIRMATIVE DEFENSE

To the extent that co-Defendants Jenkins, Taylor, Ward, Allers and Hendrix violated the Plaintiff's constitutional rights, such acts were committed outside the scope of their employment as members of the BPD, and/or not under the color of law and/or performed with malice or constituted willful misconduct, for which Defendant BPD bears no responsibility.

## SECOND AFFIRMATIVE DEFENSE

The Plaintiff fails to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the doctrine of immunity, including but not limited to, sovereign immunity, governmental immunity, qualified immunity, Eleventh Amendment immunity, and public official immunity.

## FOURTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are, in whole or in part, barred by the doctrine of assumption of the risk.

## FIFTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are, in whole or in part, barred by contributory negligence.

## SIXTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are, in whole or in part, barred under the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are, in whole or in part, barred under the doctrine of estoppel.

## NINTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are, in whole or in part, barred under the doctrine of *in pari delicto.*

## TENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are, in whole or in part, barred under the doctrine of waiver.

## ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are, in whole or in part, barred due to the Plaintiff's failure to mitigate any alleged damages.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to the relief sought against Defendant BPD because Defendant BPD did not act or fail to act as alleged by the Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that co-Defendants Jenkins, Hendrix, Taylor, Ward and Allers were performing lawful duties as members of the Baltimore Police Department, the co-Defendants' actions were privileged and they are entitled to all common law, statutory, and qualified immunities.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff suffered any injuries, losses or damages as a result of the incident alleged in his Complaint, the injuries were proximately caused by Plaintiff's own illegal conduct

or by the conduct of other persons or parties for whom Defendant BPD was not and is not responsible or liable. Defendant BPD was not the proximate cause of Plaintiff Roberts' injury, nor was his injury caused by any act or omission of Defendant BPD.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant BPD reserves the right to assert any other affirmative defenses that may arise during the course of this litigation.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant BPD generally denies any allegations of wrongdoing and asserts further that he has not violated any of the Plaintiff's constitutional rights.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Any arrest, search, or detention of Plaintiff Roberts was lawful, and any seizures were lawful.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant BPD did not act with malice and his actions were objectively reasonable.

## NINETEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel, res judicata and collateral estoppel.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendant BPD cannot be held liable for punitive damages.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred, in whole or in part, by the Eleventh Amendment to the United States Constitution.

## CROSS-CLAIM: DECLARATORY RELIEF

(DEFENDANTS Jenkins, Ward, Hendrix, Taylor, and Allers)

1:      BPD asserts this cross-claim, pursuant to Federal Rule of Civil Procedure 13(g) against co-Defendants, Jenkins, Hendrix, Taylor, Allers, and Ward.

2:      To the extent that the Memorandum of Understanding, FOP Unit I, FY 2017-2018, Article 15 allows or requires the City of Baltimore or the BPD to indemnify officers of the Baltimore Police Department for monetary judgments rendered against them for acts or omissions arising out of conduct occurring within the scope of their employment as BPD officers, the allegations as plead in Paragraphs 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, and 107 related to and comprising the conduct of Defendants Jenkins, Ward, Hendrix and Taylor, and Allers are acts and omissions occurring outside the scope of the officers' employment as law enforcement officers, in pursuit of their own interests and not in pursuit of the mission of the BPD, and contrary to the training protocols, general orders, rules, regulations and standards of the BPD, and were, moreover, acts and conduct engaged in with malice and/or demonstrate willful misconduct.

3:      Therefore, BPD seeks, pursuant to the Declaratory Judgment Act, 28 U.S.C. 2201, *et seq.*, a declaratory judgment, that each and every one of the wrongs alleged by Plaintiff to have been committed by Defendants Jenkins, Hendrix, Ward, Allers and Taylor, jointly and severally, were committed outside of the scope of the officers' employment as BPD law enforcement officers and in pursuit of said officers' private and personal interests.

**WHEREFORE**, having fully answered the Complaint filed by Plaintiff, Defendant respectfully requests that the Complaint be dismissed with prejudice, that judgment be entered in Defendant BPD's favor, and the Court declare that the alleged acts and omissions of co-Defendant's Jenkins, Hendrix, Ward, Allers, and Taylor, occurred outside of the scope of their

employment and that BPD owes no duty to indemnify co-Defendants Jenkins, Hendrix, Ward, Allers, and Taylor, along with such other and further relief as the Court deems just and proper.

## **JURY TRIAL DEMAND**

The Defendant demands a jury trial.

November 21, 2018                    Respectfully submitted,

                                                    _____/s/_____

Andre M. Davis (362)
City Solicitor

Justin S. Conroy (28480)
Kara K. Lynch (29351)
Chief Solicitors

Alexa E. Curley (19943)
Assistant City Solicitor

Baltimore City Department of Law
Office of Legal Affairs
City Hall, Room 101
100 N. Holliday Street
Baltimore, MD 21202
410-396-2496 (telephone)
410-396-2126 (facsimile)
Kara.lynch@baltimorepolice.org

*Attorneys for Defendant BPD*