## IN UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **BLANTON ROBERTS,** | * | |
| **Plaintiff,** | * | |
| **v.** | | |
| | * | **Civil No.: 1:18-cv-01940-CCB** |
| **BALTIMORE CITY POLICE DEPARTMENT,** *et al.*, | | |
| | * | |
| **Defendants.** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### DEFENDANT, DEAN PALMERE'S, ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Dean Palmere ("Defendant" or "Defendant Palmere"), by and through his undersigned counsel and pursuant to Federal Rule of Civil Procedure 8 and Federal Rule of Civil Procedure 12, hereby answers the Complaint (*ECF No*. 1) and files his affirmative defenses, as follows:

### INTRODUCTION

This introductory paragraph is a statement of the case to which no response is required. To the extent that a response is required Defendant Palmere denies all allegations contained in this paragraph.

### PARTIES

1.       Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 1, that Plaintiff is a 37 year old, African American, resident of the State of Maryland, and the averments are therefore deemed denied.

2.       Defendant admits that Marcus Taylor was an employee of the Baltimore City Police Department. The statement contained in sentence one of Paragraph 2, that Marcus Taylor was "acting in the course and scope of his official duties" as an officer of the Baltimore City

Police Department is denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of the second sentence of Paragraph 2, that Marcus Taylor was on duty and participated in the stop and apprehension of Plaintiff, and the averments are therefore deemed denied.  Defendant admits that Plaintiff is suing Marcus Taylor in his official and individual capacities.

3.     Defendant admits that Evodio Hendrix was an employee of the Baltimore City Police Department, but states that the statement contained in sentence one of Paragraph 3, that Evodio Hendrix was "acting in the course and scope of his official duties" as an officer of the Baltimore City Police Department is denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of second sentence of Paragraph 3, that Evodio Hendrix was on duty and participated in the stop and apprehension of Plaintiff, and the averments are therefore deemed denied.  Defendant admits that Plaintiff is suing Evodio Hendrix in his official and individual capacities.

4.     Defendant admits that Maurice K. Ward was an employee of the Baltimore City Police Department, but states that the statement contained in sentence one of Paragraph 4, that Maurice K. Ward was "acting in the course and scope of his official duties" as an officer of the Baltimore City Police Department, is denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of second sentence of Paragraph 4, that Maurice K. Ward was on duty and participated in the stop and apprehension of Plaintiff, and the averments are therefore deemed denied.  Defendant admits that Plaintiff is suing Maurice K. Ward in his official and individual capacities.

5.     Defendant admits that Wayne Jenkins was an employee of the Baltimore City Police Department, but states that the statement contained in sentence one of Paragraph 5, that

Wayne Jenkins was "acting in the course and scope of his official duties" as an officer of the Baltimore City Police Department is denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of second sentence of Paragraph 5, that Wayne Jenkins was on duty and participated in the stop and apprehension of Plaintiff, and the averments are therefore deemed denied.  Defendant admits that Plaintiff is suing Wayne Jenkins in his official and individual capacities.

6.      Paragraph 6 is a statement concerning the Office of the State's Attorney for Baltimore City as a named Defendant in this matter, and does not contain any allegation against the Defendant, therefore no answer is required.  To the extent that Paragraph 6 can be read or interpreted to state any claim of wrongdoing against Defendant Palmere, same is denied.

7.      Paragraph 7 does not contain an allegation against Defendant, therefore no answer is required.  To the extent that Paragraph 7 can be read or interpreted to state any claim of wrongdoing against Defendant Palmere, same is denied.

8.      Paragraph 8, and all sub-parts (a-f) of Paragraph 8, are denied.

9.      Paragraph 9 does not contain an allegation against Defendant Palmere, therefore no answer is required.  To the extent that Paragraph 9 can be read or interpreted to state any claim of wrongdoing against Defendant Palmere, same is denied.

10.     Paragraph 10 does not contain an allegation against Defendant, therefore no answer is required.  To the extent that Paragraph 10 can be read or interpreted to state any claim of wrongdoing against Defendant Palmere, same is denied.

11.     Defendant admits the first three sentences of Paragraph 11.  The averments contained in sentence four of Paragraph 11, are denied.  Defendant admits the averments of sentence five of Paragraph 11.

12.     Paragraph 12 contains legal citation, legal argument, and legal conclusions concerning co-Defendant BPD's status as a legal entity to which no answer is required.

13.     Paragraph 13 consists of legal conclusions to which no answer is required.  To the extent Defendant Palmere is required to answer, the allegations are denied.

14.     Paragraph 14, and all sub-parts (a-f) of Paragraph 14, are denied.

15.     Paragraph 15 is denied.

16.     Paragraph 16 is denied.

17.     Paragraph 17 is admitted to the extent that it alleges Defendant Allers was a sergeant in the Baltimore Police Department assigned as a sergeant of the unit known as the Gun Trace Task Force at the time forming the basis of Plaintiff's Complaint, that is, October 7, 2015. To the extent that Paragraph 17 alleges "that at all times relevant", Defendant is without sufficient information or knowledge to form a belief as to the averment of Paragraph 17, and therefore the allegations are deemed denied.

18.     Paragraph 18 does not contain an allegation against Defendant Palmere and therefore no answer is required.  To the extent that Paragraph 18 can be read or interpreted to state an allegation of wrongdoing on behalf of Defendant Palmere, all said wrongdoing is denied.

19.     Paragraph 19 does not contain an allegation against Defendant, and therefore no answer is required.  To the extent that Paragraph 19 can be read or interpreted to state an allegation of wrongdoing on behalf of Defendant Palmere, all said wrongdoing is denied.

20.     Defendant Palmere admits the averment in Paragraph 20 that the Defendant Officers Jenkins, Hendrix, Ward, Allers and Taylor were involved in their own criminal enterprise.  The rest of the averments in Paragraph 20 do not contain an allegation against Defendant Palmere, and therefore no answer is required.  To the extent that Paragraph 20 can be

4

read or interpreted to state an allegation of wrongdoing on behalf of Defendant Palmere, all said wrongdoing is denied.

21.     Paragraph 21 is denied.

22.     Paragraph 22 is admitted to the extent that it alleges Defendant Dombroski was employed as a Major by the Baltimore City Police Department at the time forming the basis of Plaintiff's Complaint, that is, October 7, 2015. The allegation that Defendant Domborski was the Major in charge of the Internal Affairs Division at the time of Plaintiff's arrest, that is October 2015, is denied.

23.     Paragraph 23 is denied.

24.     Paragraph 24 is denied.

25.     Paragraph 25 is denied.

26.     Paragraph 26 is admitted to the extent that it alleges Defendant Palmere was a Deputy Police Commissioner with the Baltimore Police Department at the time forming the basis of Plaintiff's Complaint, that is, October 7, 2015.  To the extent that Paragraph 26 alleges that "at all times relevant," Defendant is without sufficient information or knowledge to form a belief as to the averments of Paragraph 26 and the averments are therefore deemed denied.

27.     Paragraph 27 is denied.

28.     Paragraph 28 is denied.

29.     Paragraph 29 is denied.

30.     Paragraph 30 is denied.

31.     The averments of Paragraph 31 consist of legal conclusions to which no answer is required.  To the extent an answer is required, the allegations of Paragraph 31 are denied.

## JURISDICTION AND VENUE

32.     Paragraph 32 reincorporates all previous Paragraphs of the Complaint, and therefore Defendant adopts all of its previous answers to said Paragraphs as made herein.

33.     The averments of Paragraph 33 consist of legal conclusions to which no answer is required.  To the extent an answer is required, the allegations of Paragraph 33 are denied.

34.     The averments of Paragraph 34 consist of legal conclusions to which no answer is required.  To the extent an answer is required, the allegations of Paragraph 34 are denied.

35.     The averments of Paragraph 35 consist of legal conclusions to which no answer is required.  To the extent an answer is required, the allegations of Paragraph 35 are denied.

## FACTUAL ALLEGATIONS

36.     Paragraph 36 reincorporates all previous Paragraphs of the Complaint, and therefore Defendant adopts all of its previous answers to said Paragraphs as made herein.

37.     Defendant admits that at the time of Plaintiff's alleged incident forming the basis of his Complaint, i.e., October 7, 2015, Defendant's Hendrix, Ward, Taylor and Jenkins were members employed by co-Defendant BPD.  To the extent that Paragraph 37 alleges that at the time of the incident forming the basis of Plaintiffs Complaint, i.e., October 7, 2015, Defendants Hendrix, Ward, Taylor and Jenkins, were assigned to the BPD unit known as the Gun Trace Task Force, that allegation is denied.

38.     Paragraph 38 is admitted.

39.     Paragraph 39 is admitted to the extent that it alleges Defendant Dombroski is employed as a Major of the Baltimore City Police Department.  Paragraph 39 is denied to the extent that it alleges that at the time of the event forming the basis of Plaintiff's Complaint, i.e. October 7, 2015, Defendant Dombroski was a Major assigned to the Internal Affairs Division.

40.     Paragraph 40 is admitted to the extent that it alleges Defendant Palmere was a Deputy Police Commissioner at the time of the event forming the basis of Plaintiff's Complaint that is October 7, 2015.   To the extent that Paragraph 40 alleges "that at all times relevant," Defendant is without sufficient information or knowledge to form a belief as to the averments of Paragraph 40, and therefore the averments are deemed denied.

41.     Paragraph 41 is denied.

42.     Paragraph 42 does not contain an allegation against Defendant, and therefore no answer is required.   To the extent that Paragraph 42 can be read or interpreted to state an allegation of wrongdoing against Defendant Palmere, same is denied.

43.     Paragraph 43 is denied.

44.     Paragraph 44 is denied.

45.     The averments of Paragraph 45 do not contain an allegation against Defendant, and therefore no answer is required.   To the extent that Paragraph 45 can be read or interpreted to state an allegation of wrongdoing against Defendant Palmere, same is denied.

46.     Paragraph 46 does not contain an allegation against Defendant, and therefore no answer is required.

**<u>Gary Brown Incident</u>**

47.     Paragraphs 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, concern and contain recitation of alleged facts concerning an incident involving a citizen named Gary Brown.   Paragraphs 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, do not contain any allegations against Defendant Palmere, and therefore no answer is required.   To the extent that Paragraphs 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, may be read or interpreted to state any allegations of wrongdoing on behalf of Defendant Palmere, said allegations are denied.

7

**Gary Clayton Case**

48.      Paragraphs 57, 58, 59, 60, 61, 62, 63, 64 concern and contain recitation of alleged facts concerning an incident involving a citizen named Gary Clayton.  Paragraphs 57, 58, 59, 60, 61, 62, 63, 64 do not contain any allegations against Defendant Palmere, and therefore no answer is required.  To the extent that Paragraphs 57, 58, 59, 60, 61, 62, 63, 64 can be read or interpreted to state any allegations of wrongdoing on Defendant Palmere, said allegations are denied.

**Rakeem Douglas Case**

49.      Paragraphs 65, 66, 67 concern and contain recitation of alleged facts concerning an involving a citizen named Rakeem Douglas.  Paragraphs 65, 66, 67 do not contain any allegations against Defendant Palmere, and therefore no answer is required.  To the extent that Paragraphs 65, 66, 67 can be read or interpreted to state any allegations of wrongdoing on behalf of Defendant Palmere, said allegations are denied.

**Kendall English Case**

50.      Paragraphs 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79 concern and contain recitation of alleged facts concerning an incident involving a citizen named Kendall English. Paragraphs 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79 do not contain an allegation against Defendant Palmere, and therefore no answer is required.  To the extent that paragraphs 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, can be read or interpreted to state any allegation of wrongdoing on behalf of Defendant Palmere, said allegations are denied.

**United States Department of Justice Investigation in Baltimore City Police Department**

51.      Paragraph 80 is admitted.

52.      Paragraphs 81, 82, 83, 84, 85, 86 contain direct citations to factual allegations, ostensible findings and conclusions made by the Department of Justice in its investigative report,

attached to Plaintiff's Complaint as "Exhibit 8". To the extent that Plaintiff incorporates and adopts those factual allegations, ostensible findings and conclusions via Paragraph 81, 82, 83, 84, 85, 86, to impute any liability in this matter to Defendant Palmere, Defendant Palmere denies all said factual allegations, ostensible findings and conclusions.

### Federal Criminal Proceedings Against the Gun Trace Task Force

53.     Paragraph 87 is admitted to the extent that it alleges Defendants Jenkins, Ward, Hendrix and Taylor were indicted by the United States Attorney's Office on March 1, 2017.  To the extent that Paragraph 87 alleges Defendant Allers was indicted on March 1, 2017, the allegation is denied, as based on information and belief Defendant Allers was indicted on a later date than the March 1, 2017 date.

54.     Paragraph 88 is admitted.

55.     Paragraph 89 is admitted.

56.     Paragraph 90 is admitted.

57.     Paragraph 91 is admitted.

58.     Paragraph 92 is admitted.

### Plaintiff's Case

59.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 93, and the averments are therefore deemed denied.

60.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 94, and the averments are therefore deemed denied.

61.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 95, and the averments are therefore deemed denied.

62.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 96, and the averments are therefore deemed denied.

63.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 97, and the averments are therefore deemed denied.

64.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 98, and the averments are therefore deemed denied.

65.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 99, and the averments are therefore deemed denied.

66.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 100, and the averments are therefore deemed denied.

67.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 101, and the averments are therefore deemed denied.

68.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 102, and the averments are therefore deemed denied.

69.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 103, and the averments are therefore deemed denied.

70.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 104, and the averments are therefore deemed denied.

71.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 105, and the averments are therefore deemed denied.

72.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 106, and the averments are therefore deemed denied.

73.     Paragraph 107 is admitted to the extent that it alleges Defendants Jenkins, Ward, Hendrix, and Taylor were criminally indicted on March 1, 2017.  Based on information and belief, Defendant Allers was indicted on a later date from the March 1, 2017 date.  Paragraph 107 is denied to the extent it alleges Defendants Dombroski and Palmere were indicted.

74.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 108, and the averments are therefore deemed denied.

75.     Defendant is without knowledge or information sufficient to form a belief as to the first averment of Paragraph 109 that Plaintiff was released from prison after two years, and therefore the averments are deemed denied.  The rest of paragraph 109 consists of a legal conclusion for which no answer is required.  To the extent that an answer is required, same is denied.

## Counts I – V (Defendant Taylor)

76.     Counts I through V, comprised of Paragraphs 110 through 146 of the Complaint, are asserted against Defendant Taylor and not Defendant Palmere, and therefore no answer is required.  To the extent that any of the individual Paragraphs 110 through 146 allege that Defendant Taylor was acting within the scope of his employment as a Baltimore City Police Department officer at the time of the events forming the basis of Plaintiff's Complaint, those allegation are denied.  To the extent that any of the individual Paragraphs 110 through 146, comprising Counts 1 through V, may be read or interpreted to state any allegation of wrongdoing by Defendant Palmere, said allegations are denied.

## Counts VI – X (Defendant Hendrix)

77.     Counts VI through X, comprised of Paragraphs 147 through 183 of the Complaint, are asserted against Defendant Hendrix and not Defendant Palmere, and therefore no

11

answer is required.  To the extent that any of the individual Paragraphs 147 through 183 alleges that Defendant Hendrix was acting within the scope of his employment as a Baltimore City Police Department officer at the time of the events forming the basis of Plaintiff's Complaint, those allegation are denied.  To the extent that any of the individual Paragraphs 147 through 183, comprising Counts VI through X, may be read or interpreted to state any allegation of wrongdoing by Defendant Palmere, said allegations are denied.

## Counts XI – XV (Defendant Ward)

78.     Counts XI through XV, comprised of Paragraphs 184 through 220 of the Complaint, are asserted against Defendant Ward and not Defendant Palmere, and therefore no answer is required.  To the extent that any of the individual Paragraphs 184 through 220 alleges that Defendant Ward was acting within the scope of his employment as a Baltimore City Police Department officer at the time of the events forming the basis of Plaintiff's Complaint, those allegations are denied.  To the extent that any of the individual Paragraphs 184 through 220, comprising XI through XV, may be read or interpreted to state any allegation of wrongdoing by Defendant Palmere, said allegations are denied.

## Counts XVI – XX (Defendant Jenkins)

79.     Counts XVI through XX, comprised of Paragraphs 221 through 257 of the Complaint, are asserted against Defendant Jenkins and not Defendant Palmere, and therefore no answer is required.  To the extent that any of the individual Paragraphs 221 through 257 alleges that Defendant Jenkins was acting within the scope of his employment as a Baltimore City Police Department officer at the time of the events forming the basis of Plaintiff's Complaint, those allegations are denied. To the extent that any of the individual Paragraphs 221 through 257

comprising, XVI through XX, may be read or interpreted to state any allegation of wrongdoing by Defendant Palmere, said allegations are denied.

### Count XXI (Civil Conspiracy Claim against Defendants Jenkins, Ward, Hendrix and Taylor)

80.     Count XXI, comprised of Paragraphs 258 through 261, is a Civil Conspiracy asserted against Defendants Jenkins, Ward, Hendrix and Taylor, and not Defendant Palmere, and therefore no answer is required.  To the extent that any of the individual Paragraphs 258 through 261 suggest any wrongdoing on behalf of Defendant Palmere, all said wrongdoing is denied.

### Counts XXII – XXVII (Defendant Baltimore City Office of the State's Attorney)

81.     Counts XXII through XXVII, comprised of Paragraphs 262 through 309, are asserted against Defendant Baltimore City Office of the State's Attorney, and not Defendant Palmere, and therefore no answer is required.  To the extent that any of the individual Paragraphs 262 through 309 alleges any wrongdoing on behalf of Defendant Palmere, any and all wrongdoing is denied.

### Counts XXVIII - XXXII  (Defendant BPD)

82.     Count XXVIII through XXXII, comprised of Paragraphs 310 through 349, are asserted against Defendant BPD, and not Defendant Palmere, and therefore no answer is required.  To the extent that any of the individual Paragraphs 310 through 349, comprising Counts XXVIII through XXXII of the Complaint, may be read or interpreted to state any allegation of wrongdoing by Defendant Palmere, said allegations are denied.

### Counts XXXIII – XXXVI (Claims against Defendant Allers)

83.     Counts XXXIII through XXXVI, comprised of Paragraphs 350 through 385, are asserted against Defendant Allers and not Defendant Palmere, and therefore no answer is required.  To the extent that any of the individual Paragraphs 350 through 385 can be read or

interpreted to allege any wrongdoing on behalf of Defendant Palmere, all said wrongdoing is denied.

### Counts XXXVII and XXXVIII (Claims against Defendant Dombroski)

84.     Counts XXXVII and XXXVIII, comprised of Paragraphs 386 through 409, are asserted against Defendant Dombroski and not Defendant Palmere, therefore no answer is required.  To the extent that any of the individual Paragraph s 386 through 409 can be read or interpreted to state any allegation of wrongdoing on behalf of Defendant Palmere, all said wrongdoing is denied.

### Count XXXIX (Claim against Defendant Palmere for Unconstitutional Custom or Practice of Illegal Search, Unlawful Arrest, and Improper use of Police Powers)

85.     Paragraph 410 reincorporates all of Plaintiff's prior Paragraphs of the Complaint, to which Defendant Palmere reasserts all of his responses as made herein to same.

86.     Paragraph 411 is denied.

87.     Paragraph 412 is denied.

88.     Paragraph 413 is denied.

89.     Paragraph 414 is denied.

90.     Paragraph 415 is denied.

91.     Paragraph 416 is denied.

92.     Paragraph 417 is denied.

93.     Paragraph 418 is denied.

### Count XL (Claim against Defendant Palmere for Inadequate Training)

94.     Paragraph 419 reincorporates all of Plaintiff's prior Paragraphs of the Complaint, to which Defendant Palmere reasserts all of his responses as made herein to same.

95.     Paragraph 420 is denied.

96.     Paragraph 421 is denied.

97.     Paragraph 422 is denied.

98.     Paragraph 423 is denied.

99.     Paragraph 424 is denied.

100.    Paragraph 425 is denied.

101.    Paragraph 426 is denied.

**Count XLI (Claim against Defendant Palmere for Failure to Supervise)**

102.    Paragraph 427 reincorporates all of Plaintiff's prior Paragraphs of the Complaint,

to which Defendant Palmere reasserts all of his responses as made herein to same.

103.    Paragraph 428 is denied.

104.    Paragraph 429 is denied.

105.    Paragraph 430 is denied.

106.    Paragraph 431 is denied.

107.    Paragraph 432 is denied.

108.    Paragraph 433 is denied.

109.    Paragraph 434 is denied.

110.    Paragraph 435 is denied.

111.    Paragraph 436 is denied.

112.    Paragraph 437 is denied.

113.    Paragraph 438 is denied.

114.    Paragraph 439 is denied.

115.    Paragraph 440 is denied.

116.    Paragraph 441 is denied.

## FIRST AFFIRMATIVE DEFENSE

To the extent that co-Defendants Jenkins, Taylor, Ward, Allers, and Hendrix violated the Plaintiff's constitutional rights, such acts were committed outside the scope of their employment as members of the BPD, and/or not under the color of law and/or performed with malice or constituted willful misconduct, for which Defendant Palmere bears no responsibility.

## SECOND AFFIRMATIVE DEFENSE

The Plaintiff fails to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the doctrine of immunity, including but not limited to, sovereign immunity, governmental immunity, qualified immunity, Eleventh Amendment immunity, and public official immunity.

## FOURTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are, in whole or in part, barred by the doctrine of assumption of the risk.

## FIFTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are, in whole or in part, barred by contributory negligence.

## SIXTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are, in whole or in part, barred under the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are, in whole or in part, barred under the doctrine of estoppel.

## NINTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are, in whole or in part, barred under the doctrine of *in pari delicto.*

## TENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are, in whole or in part, barred under the doctrine of waiver.

## ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are, in whole or in part, barred due to the Plaintiff's failure to mitigate any alleged damages.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to the relief sought against Defendant Palmere because Defendant Palmere did not act or fail to act as alleged by the Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that co-Defendants Jenkins, Hendrix, Ward, Allers and Taylor, were performing lawful duties as members of the Baltimore Police Department, the co-Defendants' actions were privileged and they are entitled to all common law, statutory, and qualified immunities.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff suffered any injuries, losses or damages as a result of the incident alleged in his Complaint, the injuries were proximately caused by Plaintiff's own illegal conduct or by the conduct of other persons or parties for whom Defendant Palmere was not and is not responsible or liable.  Defendant Palmere was not the proximate cause of Plaintiff Roberts' injury, nor was his injury caused by any act or omission of Defendant Palmere.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant Palmere reserves the right to assert any other affirmative defenses that may arise during the course of this litigation.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant Palmere generally denies any allegations of wrongdoing and asserts further that he has not violated any of the Plaintiff's constitutional rights.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Any arrest, search, or detention of Plaintiff Roberts was lawful, and any seizures were lawful.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant Palmere did not act with malice and his actions were objectively reasonable.

## NINETEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel, res judicata and collateral estoppel.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendant Palmere cannot be held liable for punitive damages.

**WHEREFORE**, having fully answered the Complaint filed by Plaintiff, Defendant Palmere respectfully requests that the Complaint be dismissed with prejudice, that judgment be entered in Defendant Palmere's favor.

## JURY TRIAL DEMAND

The Defendant demands a jury trial.

November 21, 2018                             Respectfully submitted,

                                    _____/s/_____
                                    Andre M. Davis (362)
                                    City Solicitor

                                    Justin S. Conroy (28480)
                                    Kara K. Lynch (29351)
                                    Chief Solicitors

Alexa E. Curley (19943)
Assistant City Solicitor


Baltimore City Department of Law
Office of Legal Affairs
City Hall, Room 101
100 N. Holliday Street
Baltimore, MD 21202
410-396-2496 (telephone)
410-396-2126 (facsimile)
Kara.lynch@baltimorepolice.org

*Attorneys for Defendant Palmere*