IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

BLANTON ROBERTS

    Plaintiff,     *

  v.               Civil Action No. 1:18-cv-01940

               *

OFFICER MARCUS TAYLOR, *et al.,*

               *

    Defendants.    *

\* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT, WAYNE JENKINS' AND MARCUS TAYLOR'S ANSWER TO PLAINTIFF'S COMPLAINT AND ANSWER TO CROSS-CLAIM

Defendants, Wayne Jenkins and Marcus Taylor, by and through their undersigned counsel, and pursuant to Federal Rules of Civil Procedure, Rule 8, submit this Answer in response to Plaintiff's Complaint and Answer to Defendant, Baltimore Police Department's Cross-Claim.

### Answer to Plaintiff's Complaint and
### Demand for Jury Trial

### Introduction

Plaintiff's averment is not factual, but rather amounts to a self-serving commentary that does not necessitate a response. However, to the extent any response is required, Defendants deny wrongdoing or liability. Plaintiff's arrest was legitimate.

### Parties

1. Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's averment regarding his residency.

2.      Defendant Taylor admits to the description of his employment. Defendant admits that he was assigned, at one point, to the GTTF.

3.      Defendants neither admit nor deny Plaintiff's allegations regarding separately named defendant Hendrix.

4.      Defendants neither admit nor deny Plaintiff's allegations regarding separately named defendant Ward.

5.      Defendant Jenkins admits to the description of his employment. Defendant admits that he was assigned, at one point, to the GTTF.

6.      Defendants neither admit nor deny Plaintiff's allegations regarding a separately named defendant, Baltimore City State's Attorney's Office (SAO).

7.      Defendants neither admit nor deny Plaintiff's allegations regarding a separately named defendant, Baltimore City State's Attorney's Office (SAO).

8.      Defendants neither admit nor deny Plaintiff's allegations regarding a separately named defendant, Baltimore City State's Attorney's Office (SAO).

9.      Defendants neither admit nor deny Plaintiff's allegations regarding a separately named defendant, Baltimore City State's Attorney's Office (SAO).

10.      Defendants neither admit nor deny Plaintiff's allegations regarding a separately named defendant, Baltimore City State's Attorney's Office (SAO).

11.      Defendants neither admit nor deny Plaintiff's allegations regarding a separately named defendant, Baltimore City Police Department (BPD).

12.      Defendants neither admit nor deny Plaintiff's allegations regarding a separately named defendant, Baltimore City Police Department (BPD).

4848-2811-9172v1
5035840-101451 12/26/2018

13.   Defendants neither admit nor deny Plaintiff's allegations regarding a separately named defendant, Baltimore City Police Department (BPD).

14.   Defendants neither admit nor deny Plaintiff's allegations regarding separately named defendants, BPD and SAO.

15.   Defendants neither admit nor deny Plaintiff's allegations regarding a separately named defendant, Baltimore City Police Department (BPD).

16.   Defendants neither admit nor deny Plaintiff's allegations regarding a separately named defendant, Baltimore City Police Department (BPD).

17.   Defendants neither admit nor deny Plaintiff's allegations regarding a separately named defendant, Allers.

18.   Defendants neither admit nor deny Plaintiff's allegations regarding a separately named defendant, Allers.

19.   Defendants neither admit nor deny Plaintiff's allegations regarding a separately named defendant, Allers.

20.   Defendants neither admit nor deny Plaintiff's allegations regarding a separately named defendant, Allers.

21.   Defendants neither admit nor deny Plaintiff's allegations regarding a separately named defendant, Allers.

22.   Defendants neither admit nor deny Plaintiff's allegations regarding a separately named defendant, Dombroski.

23.   Defendants neither admit nor deny Plaintiff's allegations regarding a separately named defendant, Dombroski.

4848-2811-9172v1
5035840-101451 12/26/2018

24.     Defendants neither admit nor deny Plaintiff's allegations regarding a separately named defendant, Dombroski.

25.     Defendants neither admit nor deny Plaintiff's allegations regarding a separately named defendant, Dombroski.

26.     Defendants neither admit nor deny Plaintiff's allegations regarding a separately named defendant, Palmere.

27.     Defendants neither admit nor deny Plaintiff's allegations regarding a separately named defendant, Palmere.

28.     Defendants neither admit nor deny Plaintiff's allegations regarding a separately named defendant, Palmere.

29.     Defendants neither admit nor deny Plaintiff's allegations regarding a separately named defendant, Palmere.

30.     Defendants neither admit nor deny Plaintiff's allegations regarding a separately named defendant, Palmere.

31.     Denied.

## Jurisdiction and Venue

32-35. Defendants admit that the U.S. District Court for the District of Maryland has subject-matter jurisdiction in this case, that venue is appropriate and that Plaintiff's Complaint alleges constitutional violations.  Defendants deny wrongdoing or liability.

## "FACTUAL" ALLEGATIONS

36.     Defendants, Jenkins and Taylor, incorporate and restate by reference the answers to each and every allegation contained in the preceding paragraphs of Plaintiff's Complaint, as if

4

fully stated herein. Plaintiff's cause of action broadly incorporates all defendants. Accordingly, Defendants Jenkins and Taylor, offer no response on behalf of other identified defendants.

37.     Admitted as to Defendants Taylor and Jenkins.

38.     Defendants neither admit nor deny Plaintiff's allegations regarding a separately named defendant, Allers.

39.     Defendants neither admit nor deny Plaintiff's allegations regarding a separately named defendant, Dombroski.

40.     Defendants neither admit nor deny Plaintiff's allegations regarding a separately named defendant, "Palmer".

41.     Defendants neither admit nor deny Plaintiff's allegations regarding a separately named defendant, BPD.

42.     Defendants neither admit nor deny Plaintiff's allegations regarding a separately named defendant, SAO.

43.     Defendants neither admit nor deny Plaintiff's allegations regarding a separately named defendants, BPD and SAO.

44.     Defendants neither admit nor deny Plaintiff's allegations regarding a separately named defendant, BPD.

45.     Defendants neither admit nor deny Plaintiff's allegations regarding a separately named defendant, SAO.

46.     Denied as to the suggestion that the Plaintiff's allegations are "factual".

## **"Gary Brown Incident"**

47-56. Plaintiff's averment is hardly factual, but rather amounts to a self-serving commentary regarding the actions/inactions of other Baltimore police officers, that does not

5

necessitate a response.   However, to the extent any response is required, Defendants deny wrongdoing or liability.

### Gary Clayton Case

57-64. Plaintiff's averment is hardly factual, but rather amounts to a self-serving commentary regarding the actions/inactions of other Baltimore police officers, that does not necessitate a response.   However, to the extent any response is required, Defendants deny wrongdoing or liability.

### Rakeem Douglas Case

65-67. Plaintiff's averment is hardly factual, but rather amounts to a self-serving commentary that does not necessitate a response.   However, to the extent any response is required, Defendants deny wrongdoing or liability.

### Kendall English Case

68-79. Plaintiff's averment is hardly factual, but rather amounts to a self-serving commentary regarding the actions/inactions of other Baltimore police officers, that does not necessitate a response.   However, to the extent any response is required, Defendants deny wrongdoing or liability.

### United States Department of Justice Investigation in Baltimore City Police Department

80-86. Defendants admit to the existence of a DOJ report.  Defendants otherwise deny wrongdoing or liability in this instant matter.

### Federal Criminal Proceedings Against the Gun Trace Task force

87-92. Defendants admit to the existence of criminal proceedings.  Defendants otherwise deny wrongdoing or liability in this instant matter.

### Plaintiff's Case

93.     Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's averment regarding what he was doing on the evening of October 7, 2015.

94.     Denied.

95.     Denied.

96.     Denied.

97-109.     Defendants admit that they were employed by the BPD on the date in question, that Plaintiff engaged in the behavior described, that Plaintiff was subsequently arrested, and that Plaintiff was criminally prosecuted after pleading guilty to a firearm charge.

## Count I
**(Illegal Arrest in violation of the 4th and 14th Amendments, Pursuant to 42 U.S.C. § 1983, 1985, and 1988 -Officer Taylor in his official capacity)**

110.     Defendant, Taylor, incorporates and restates by reference the answers to each and every allegation contained in the preceding paragraphs of Plaintiff's Complaint, as if fully stated herein. Defendant, Taylor, offers no response on behalf of other identified defendants.

111.     Admitted.

112.     Denied.

113.     Denied.

114.     Denied.

115.     Denied.

116.     Denied.

117.     Denied.

## Count II
**(Unlawful Search in violation of the 4th and 14th Amendments, Pursuant to 42 U.S.C. § 1983, 1985, and 1988 -Officer Taylor in his official capacity)**

4848-2811-9172v1
5035840-101451 12/26/2018

118.     Defendant, Taylor, incorporates and restates by reference the answers to each and every allegation contained in the preceding paragraphs of Plaintiff's Complaint, as if fully stated herein. Defendant, Taylor, offers no response on behalf of other identified defendants.

119.     Admitted.

120.     Denied.

121.     Denied.

122.     Denied.

123.     Denied.

## Count III
**(False Imprisonment in violation of the 4th and 14th Amendments, Pursuant to 42 U.S.C. § 1983, 1985, and 1988 -Officer Taylor in his official capacity)**

124.     Defendant, Taylor, incorporates and restates by reference the answers to each and every allegation contained in the preceding paragraphs of Plaintiff's Complaint, as if fully stated herein. Defendant, Taylor, offers no response on behalf of other identified defendants.

125.     Admitted.

126.     Denied.

127.     Denied.

128.     Denied.

129.     Denied.

130.     Denied.

131.     Denied.

## Count IV
**(Intentional Infliction of Emotional Distress -Officer Taylor, in his personal and official capacity)**

4848-2811-9172v1
5035840-101451 12/26/2018

132.     Defendant, Taylor, incorporates and restates by reference the answers to each and every allegation contained in the preceding paragraphs of Plaintiff's Complaint, as if fully stated herein. Defendant, Taylor, offers no response on behalf of other identified defendants.

133.     Admitted.

134.     Denied.

135.     Denied.

136.     Denied.

137.     Denied.

138.     Denied.

139.     Denied.

## Count V
### (Violation of the Maryland Declaration of Rights -Officer Taylor in his official and personal capacity)

140.     Defendant, Taylor, incorporates and restates by reference the answers to each and every allegation contained in the preceding paragraphs of Plaintiff's Complaint, as if fully stated herein. Defendant, Taylor, offers no response on behalf of other identified defendants.

141.     Admitted.

142.     Denied.

143.     Denied.

144.     Denied.

145.     Denied.

146.     Denied.

## Count VI
### (Illegal Arrest in violation of the 4th and 14th Amendments, Pursuant to 42 U.S.C. § 1983, 1985, and 1988 -Officer Hendrix in his official capacity)

4848-2811-9172v1
5035840-101451 12/26/2018

147-154.        Defendants, Taylor and Jenkins, incorporate and restate by reference the answers to each and every allegation contained in the preceding paragraphs of Plaintiff's Complaint, as if fully stated herein. Defendants, offer no response on behalf of other identified defendants. Defendants neither admit nor deny Plaintiff's allegations regarding a separately named defendant, Hendrix.

### Count VII
### (Unlawful Search in violation of the 4th and 14th Amendments, Pursuant to 42 U.S.C. § 1983, 1985, and 1988 -Officer Hendrix in his official capacity)

155-160.        Defendants, Taylor and Jenkins, incorporate and restate by reference the answers to each and every allegation contained in the preceding paragraphs of Plaintiff's Complaint, as if fully stated herein. Defendants, offer no response on behalf of other identified defendants. Defendants neither admit nor deny Plaintiff's allegations regarding a separately named defendant, Hendrix.

### Count VIII
### (False Imprisonment in violation of the 4th and 14th Amendments, Pursuant to 42 U.S.C. § 1983, 1985, and 1988 -Officer Hendrix in his official capacity)

161-168.        Defendants, Taylor and Jenkins, incorporate and restate by reference the answers to each and every allegation contained in the preceding paragraphs of Plaintiff's Complaint, as if fully stated herein. Defendants, offer no response on behalf of other identified defendants. Defendants neither admit nor deny Plaintiff's allegations regarding a separately named defendant, Hendrix.

### Count IX
### (Intentional Infliction of Emotional Distress - Officer Hendrix in his personal and official capacity)

169-176.        Defendants, Taylor and Jenkins, incorporate and restate by reference the answers to each and every allegation contained in the preceding paragraphs of Plaintiff's

Complaint, as if fully stated herein. Defendants, offer no response on behalf of other identified defendants. Defendants neither admit nor deny Plaintiff's allegations regarding a separately named defendant, Hendrix.

## Count X
### (Violation of Maryland Declaration of Rights - Officer Hendrix in his personal and official capacity)

177-183.     Defendants, Taylor and Jenkins, incorporate and restate by reference the answers to each and every allegation contained in the preceding paragraphs of Plaintiff's Complaint, as if fully stated herein. Defendants, offer no response on behalf of other identified defendants. Defendants neither admit nor deny Plaintiff's allegations regarding a separately named defendant, Hendrix.

## Count XI
### (Illegal Arrest in violation of the 4th and 14th Amendments, Pursuant to 42 U.S.C. § 1983, 1985, and 1988 -Officer Ward in his official and personal capacity)

184-191.     Defendants, Taylor and Jenkins, incorporate and restate by reference the answers to each and every allegation contained in the preceding paragraphs of Plaintiff's Complaint, as if fully stated herein. Defendants, offer no response on behalf of other identified defendants. Defendants neither admit nor deny Plaintiff's allegations regarding a separately named defendant, Ward.

## Count XII
### (Unlawful Search in violation of the 4th and 14th Amendments, Pursuant to 42 U.S.C. § 1983, 1985, and 1988 -Officer Ward in his official and personal capacity)

192-197.     Defendants, Taylor and Jenkins, incorporate and restate by reference the answers to each and every allegation contained in the preceding paragraphs of Plaintiff's Complaint, as if fully stated herein. Defendants, offer no response on behalf of other identified

4848-2811-9172v1
5035840-101451 12/26/2018

defendants. Defendants neither admit nor deny Plaintiff's allegations regarding a separately named defendant, Ward.

## Count XIII

**(False Imprisonment in violation of the 4th and 14th Amendments, Pursuant to 42 U.S.C. § 1983, 1985, and 1988 -Officer Ward in his official and personal capacity)**

184-191.     Defendants, Taylor and Jenkins, incorporate and restate by reference the answers to each and every allegation contained in the preceding paragraphs of Plaintiff's Complaint, as if fully stated herein. Defendants, offer no response on behalf of other identified defendants. Defendants neither admit nor deny Plaintiff's allegations regarding a separately named defendant, Ward.

## Count XV

**(Violation of Maryland declaration of Rights -Officer Ward in his official and personal capacity)**

214-213.     Defendants, Taylor and Jenkins, incorporate and restate by reference the answers to each and every allegation contained in the preceding paragraphs of Plaintiff's Complaint, as if fully stated herein. Defendants, offer no response on behalf of other identified defendants. Defendants neither admit nor deny Plaintiff's allegations regarding a separately named defendant, Ward.

## Count XVI

**(Illegal Arrest in violation of the 4th and 14th Amendments, Pursuant to 42 U.S.C. § 1983, 1985, and 1988 -Officer Jenkins in his official and personal capacity)**

221.     Defendants, Taylor and Jenkins, incorporate and restate by reference the answers to each and every allegation contained in the preceding paragraphs of Plaintiff's Complaint, as if fully stated herein. Defendants, offer no response on behalf of other identified defendants.

222.     Admitted.

223.     Denied.

224.     Denied.

225.    Denied.

226.    Denied.

227.    Denied.

228.    Denied.

## Count XVI
**(Unlawful Search in violation of the 4th and 14th Amendments, Pursuant to 42 U.S.C. § 1983, 1985, and 1988 -Officer Jenkins in his official and personal capacity)**

229.    Defendants, Taylor and Jenkins, incorporate and restate by reference the answers to each and every allegation contained in the preceding paragraphs of Plaintiff's Complaint, as if fully stated herein. Defendants, offer no response on behalf of other identified defendants.

230.    Admitted.

231.    Denied.

232.    Denied.

233.    Denied.

234.    Denied.

## Count XVIII
**(False Imprisonment in violation of the 4th and 14th Amendments, Pursuant to 42 U.S.C. § 1983, 1985, and 1988 -Officer Jenkins in his official and personal capacity)**

235.    Defendants, Taylor and Jenkins, incorporate and restate by reference the answers to each and every allegation contained in the preceding paragraphs of Plaintiff's Complaint, as if fully stated herein. Defendants, offer no response on behalf of other identified defendants.

236.    Admitted.

237.    Denied.

238.    Denied.

239.    Denied.

4848-2811-9172v1
5035840-101451 12/26/2018

240.   Denied.

241.   Denied.

242.   Denied.

## Count XIX
### (Intentional Infliction of Emotional Distress -Officer Jenkins in his official and personal capacity)

243.   Defendants, Taylor and Jenkins, incorporate and restate by reference the answers to each and every allegation contained in the preceding paragraphs of Plaintiff's Complaint, as if fully stated herein. Defendants, offer no response on behalf of other identified defendants.

244.   Admitted.

245.   Denied.

247.   Denied.

248.   Denied.

249.   Denied.

250.   Denied.

## Count XX
### (Violation of the Maryland Declaration of rights -Officer Jenkins in his official and personal capacity)

251 .   Defendants, Taylor and Jenkins, incorporate and restate by reference the answers to each and every allegation contained in the preceding paragraphs of Plaintiff's Complaint, as if fully stated herein. Defendants, offer no response on behalf of other identified defendants.

252.    Admitted.

253.   Denied.

254.   Denied.

255.   Denied.

4848-2811-9172v1
5035840-101451 12/26/2018

256.   Denied.

257.   Denied.

## Count XVIII
**(Civil Conspiracy, Pursuant to 42 U.S.C. § 1983, 1985, and 1988 -Defendants Taylor, Hendrix, Ward, and Jenkins)**

258.   Defendants, Taylor and Jenkins, incorporate and restate by reference the answers to each and every allegation contained in the preceding paragraphs of Plaintiff's Complaint, as if fully stated herein. Defendants, offer no response on behalf of other identified defendants.

259.   Denied.

260.   Denied.

261.   Denied

## Count XXII
**(Civil Conspiracy, Pursuant to 42 U.S.C. § 1983, 1985, and 1988 -Defendant SAO)**

262-268.   Defendants, Taylor and Jenkins, incorporate and restate by reference the answers to each and every allegation contained in the preceding paragraphs of Plaintiff's Complaint, as if fully stated herein. Defendants, offer no response on behalf of other identified defendants. Defendants neither admit nor deny Plaintiff's allegations regarding a separately named defendant, SAO.

## Count XXIII
**(Aider and Abettor Pursuant to 42 U.S.C. § 1983, 1985, and 1988 -Defendant SAO)**

269-271.   Defendants, Taylor and Jenkins, incorporate and restate by reference the answers to each and every allegation contained in the preceding paragraphs of Plaintiff's Complaint, as if fully stated herein. Defendants, offer no response on behalf of other identified defendants. Defendants neither admit nor deny Plaintiff's allegations regarding a separately named defendant, SAO.

**Count XXIV**
**(Malicious Prosecution Pursuant to 42 U.S.C. § 1983, 1985, and 1988 -Defendant SAO)**

272-275.        Defendants, Taylor and Jenkins, incorporate and restate by reference the answers to each and every allegation contained in the preceding paragraphs of Plaintiff's Complaint, as if fully stated herein. Defendants, offer no response on behalf of other identified defendants. Defendants neither admit nor deny Plaintiff's allegations regarding a separately named defendant, SAO.

**Count XXV**
**(Unconstitutional Custom or Practice of Illegal Search, Unlawful Arrest, and Improper use of Police Powers Pursuant to 42 U.S.C. § 1983, 1985, and 1988 -Defendant SAO)**

276-284.        Defendants, Taylor and Jenkins, incorporate and restate by reference the answers to each and every allegation contained in the preceding paragraphs of Plaintiff's Complaint, as if fully stated herein. Defendants, offer no response on behalf of other identified defendants. Defendants neither admit nor deny Plaintiff's allegations regarding a separately named defendant, SAO.

**Count XXVI**
**(Inadequate Training Pursuant to 42 U.S.C. § 1983, 1985, and 1988 -Defendant SAO)**

285-293.        Defendants, Taylor and Jenkins, incorporate and restate by reference the answers to each and every allegation contained in the preceding paragraphs of Plaintiff's Complaint, as if fully stated herein. Defendants, offer no response on behalf of other identified defendants. Defendants neither admit nor deny Plaintiff's allegations regarding a separately named defendant, SAO.

**Count XXVII**
**(Failure to Supervise Pursuant to 42 U.S.C. § 1983, 1985, and 1988 -Defendant SAO)**

294-309.        Defendants, Taylor and Jenkins, incorporate and restate by reference the answers to each and every allegation contained in the preceding paragraphs of Plaintiff's

16

Complaint, as if fully stated herein. Defendants, offer no response on behalf of other identified defendants. Defendants neither admit nor deny Plaintiff's allegations regarding a separately named defendant, SAO.

### Count XXVIII
### (Civil Conspiracy Pursuant to 42 U.S.C. § 1983, 1985, and 1988 -Defendant BPD)

310-313.       Defendants, Taylor and Jenkins, incorporate and restate by reference the answers to each and every allegation contained in the preceding paragraphs of Plaintiff's Complaint, as if fully stated herein. Defendants, offer no response on behalf of other identified defendants. Defendants neither admit nor deny Plaintiff's allegations regarding a separately named defendant, BPD.

### Count XXIX
### (Aider and Abettor Pursuant to 42 U.S.C. § 1983, 1985, and 1988 -Defendant BPD)

314-316.       Defendants, Taylor and Jenkins, incorporate and restate by reference the answers to each and every allegation contained in the preceding paragraphs of Plaintiff's Complaint, as if fully stated herein. Defendants, offer no response on behalf of other identified defendants. Defendants neither admit nor deny Plaintiff's allegations regarding a separately named defendant, BPD.

### Count XXX
### (Unconstitutional Custom or Practice of Illegal Search, unlawful Arrest, and Improper use of Police powers Pursuant to 42 U.S.C. § 1983, 1985, and 1988 -Defendant BPD)

317-324.       Defendants, Taylor and Jenkins, incorporate and restate by reference the answers to each and every allegation contained in the preceding paragraphs of Plaintiff's Complaint, as if fully stated herein. Defendants, offer no response on behalf of other identified defendants. Defendants neither admit nor deny Plaintiff's allegations regarding a separately named defendant, BPD.

4848-2811-9172v1
5035840-101451 12/26/2018

**Count XXXI**
**(Inadequate Training Pursuant to 42 U.S.C. § 1983, 1985, and 1988 -Defendant BPD)**

325-333.        Defendants, Taylor and Jenkins, incorporate and restate by reference the answers to each and every allegation contained in the preceding paragraphs of Plaintiff's Complaint, as if fully stated herein. Defendants, offer no response on behalf of other identified defendants. Defendants neither admit nor deny Plaintiff's allegations regarding a separately named defendant, BPD.

**Count XXXII**
**(Failure to Supervise Pursuant to 42 U.S.C. § 1983, 1985, and 1988 -Defendant BPD)**

334-349.        Defendants, Taylor and Jenkins, incorporate and restate by reference the answers to each and every allegation contained in the preceding paragraphs of Plaintiff's Complaint, as if fully stated herein. Defendants, offer no response on behalf of other identified defendants. Defendants neither admit nor deny Plaintiff's allegations regarding a separately named defendant, BPD.

**Count XXXIII**
**(Civil Conspiracy Pursuant to 42 U.S.C. § 1983, 1985, and 1988 -Defendant Allers in his personal and official capacity)**

350-353.        Defendants, Taylor and Jenkins, incorporate and restate by reference the answers to each and every allegation contained in the preceding paragraphs of Plaintiff's Complaint, as if fully stated herein. Defendants, offer no response on behalf of other identified defendants. Defendants neither admit nor deny Plaintiff's allegations regarding a separately named defendant, Allers.

**Count XXXIV**
**(Unconstitutional Custom or Practice of Illegal Search, Unlawful arrest, and Improper use of Police Powers Pursuant to 42 U.S.C. § 1983, 1985, and 1988 -Defendant Allers in his personal and official capacity)**

18

354-362.      Defendants, Taylor and Jenkins, incorporate and restate by reference the answers to each and every allegation contained in the preceding paragraphs of Plaintiff's Complaint, as if fully stated herein. Defendants, offer no response on behalf of other identified defendants. Defendants neither admit nor deny Plaintiff's allegations regarding a separately named defendant, Allers.

## Count XXXV
### (Inadequate Training Pursuant to 42 U.S.C. § 1983, 1985, and 1988 -Defendant Allers in his personal and official capacity)

363-370.      Defendants, Taylor and Jenkins, incorporate and restate by reference the answers to each and every allegation contained in the preceding paragraphs of Plaintiff's Complaint, as if fully stated herein. Defendants, offer no response on behalf of other identified defendants. Defendants neither admit nor deny Plaintiff's allegations regarding a separately named defendant, Allers.

## Count XXXV
### (Failure to Supervise Pursuant to 42 U.S.C. § 1983, 1985, and 1988 -Defendant Allers in his personal and official capacity)

371-385.      Defendants, Taylor and Jenkins, incorporate and restate by reference the answers to each and every allegation contained in the preceding paragraphs of Plaintiff's Complaint, as if fully stated herein. Defendants, offer no response on behalf of other identified defendants. Defendants neither admit nor deny Plaintiff's allegations regarding a separately named defendant, Allers.

## Count XXXVII
### (Unconstitutional Custom or Practice of Illegal Search, Unlawful Arrest, and Improper use of Police Powers Pursuant to 42 U.S.C. § 1983, 1985, and 1988 -Defendant Dombrowski in his personal and official capacity)

386-394.      Defendants, Taylor and Jenkins, incorporate and restate by reference the answers to each and every allegation contained in the preceding paragraphs of Plaintiff's

Complaint, as if fully stated herein. Defendants, offer no response on behalf of other identified defendants. Defendants neither admit nor deny Plaintiff's allegations regarding a separately named defendant, Dombrowski.

## Count XXXVIII
### (Failure to Supervise Pursuant to 42 U.S.C. § 1983, 1985, and 1988 -Defendant Dombrowski in his personal and official capacity)

395-409.       Defendants, Taylor and Jenkins, incorporate and restate by reference the answers to each and every allegation contained in the preceding paragraphs of Plaintiff's Complaint, as if fully stated herein. Defendants, offer no response on behalf of other identified defendants. Defendants neither admit nor deny Plaintiff's allegations regarding a separately named defendant, Dombrowski.

## Count XXXIX
### (Unconstitutional Custom or Practice of Illegal Search, Unlawful Arrest, and Improper use of Police Powers Pursuant to 42 U.S.C. § 1983, 1985, and 1988 -Defendant Palmere in his personal and official capacity)

410-418.       Defendants, Taylor and Jenkins, incorporate and restate by reference the answers to each and every allegation contained in the preceding paragraphs of Plaintiff's Complaint, as if fully stated herein. Defendants, offer no response on behalf of other identified defendants. Defendants neither admit nor deny Plaintiff's allegations regarding a separately named defendant, Palmere.

## Count XL
### (Inadequate Training Pursuant to 42 U.S.C. § 1983, 1985, and 1988 -Defendant Palmere in his personal and official capacity)

419-426.       Defendants, Taylor and Jenkins, incorporate and restate by reference the answers to each and every allegation contained in the preceding paragraphs of Plaintiff's Complaint, as if fully stated herein. Defendants, offer no response on behalf of other identified

defendants. Defendants neither admit nor deny Plaintiff's allegations regarding a separately named defendant, Palmere.

### Count XLI
### (Failure to Supervise Pursuant to 42 U.S.C. § 1983, 1985, and 1988 -Defendant Palmere in his personal and official capacity)

427-441.     Defendants, Taylor and Jenkins, incorporate and restate by reference the answers to each and every allegation contained in the preceding paragraphs of Plaintiff's Complaint, as if fully stated herein. Defendants, offer no response on behalf of other identified defendants. Defendants neither admit nor deny Plaintiff's allegations regarding a separately named defendant, Palmere.

### Answer to Defendant, Baltimore Police Department's Cross-Claim: Declaratory Relief

1.     Defendants, Jenkins and Taylor, admit that co-defendant, BPD's cross-claim is filed pursuant to the Federal Rules.

2-3.     Defendants, Jenkins and Taylor, admit to the existence of the Memorandum of Understanding between the BPD and FOP Unit I, FY 2017-2018, Article 15, and state that its application is warranted hereunder.

### AFFIRMATIVE DEFENSES

In support of the following affirmative defenses, Defendants incorporate the answers and responses to each of the above-referenced allegations.

### First Affirmative Defense

As a first, separate affirmative defense, Defendants state that Plaintiff has failed to state a claim under which relief may be granted.

### Second Affirmative Defense

4848-2811-9172v1
5035840-101451 12/26/2018

As a second, separate affirmative defense, Defendants state that Plaintiff's claims are barred, in whole or in part, by statutory, qualified or common-law immunity.

### Third Affirmative Defense

As a third, separate affirmative defense, Defendants state that Plaintiff's claims are barred, in whole or in part, by qualified immunity.

### Fourth Affirmative Defense

As a fourth, separate affirmative defense, Defendants state that Plaintiff's claims are barred, in whole or in part, by privilege.

### Fifth Affirmative Defense

As a fifth, separate affirmative defense, Defendants state that Plaintiff is not entitled to punitive damages, absent actual malice.

### Sixth Affirmative Defense

As a sixth, separate affirmative defense, Defendants state that Plaintiff's claims are barred, in whole or in part, by contributory negligence.

### Seventh Affirmative Defense

As an seventh, separate affirmative defense, Defendants state that Plaintiff's claims are barred, in whole or in part, by assumption of risk.

### Eighth Affirmative Defense

As an eighth, separate affirmative defense, Defendants state that all actions were taken with probable cause, reasonable articulable suspicion, order of court, and/or warrant, as appropriate.

### Ninth Affirmative Defense

4848-2811-9172v1
5035840-101451 12/26/2018

As a ninth, separate affirmative defense, Defendants state that any liability to Plaintiff would be subject to a statutory damages cap, if applicable.

### Tenth Affirmative Defense

As a tenth, separate affirmative defense, Defendants state that Plaintiff's claims are barred for failure to comply with the notice provision of the Local Government Tort Claims Act, if applicable.

### Eleventh Affirmative Defense

As an eleventh, separate affirmative defense, Defendants state that all actions taken under the circumstances were legally authorized and justified.

### Twelfth Affirmative Defense

As a twelfth, separate affirmative defense, Defendants state that Plaintiff's claims may be barred in whole, or part, by the doctrine of defense of self, another or property.

### Thirteenth Affirmative Defense

As a thirteenth, separate affirmative defense, Defendants state that Plaintiff's claims are barred, in whole or in part, by judicial estoppel.

### Fourteenth Affirmative Defense

As a fourteenth, separate affirmative defense, Defendants state that because no discovery has taken place at this stage, Defendants reserve the right to assert other affirmative defenses as appropriate.

WHEREFORE, having answered, Defendants pray that Plaintiff's Complaint be dismissed in its entirety, with costs and an award of reasonable attorneys' fees to Defendants.

4848-2811-9172v1
5035840-101451 12/26/2018

Respectfully submitted,

_____/s/_____
Neil E. Duke (Federal Bar No.: 14073)
Baker Donelson
A Professional Corporation
100 Light Street
Baltimore, MD  21202-1643
(410) 862-1198
(443) 263-7598 – Fax

Dated: December 26, 2018

4848-2811-9172v1
5035840-101451 12/26/2018