UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BLANTON ROBERTS, | * |
|     Plaintiff, | * |
| v. | * |
| OFFICER MARCUS TAYLOR, *et al.*, | * |
|     Defendants/Cross Defendants, | * |
|     o0o | Civil No.: 18-cv-01940-CCB |
| BALTIMORE POLICE DEPARTMENT, | * |
|     Defendant/Cross-Plaintiff, | * |
| v. | * |
| OFFICER MARCUS TAYLOR, *et al.*, | * |
|     Defendants/Cross-Defendants. | * |

\* \* \* \* \* o0o \* \* \* \* \*

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS BALTIMORE POLICE DEPARTMENT, PALMERE, AND DOMBROWSKIS' MOTION TO BIFURCATE AND STAY DISCOVERY

**I.  INTRODUCTION**

Plaintiff, Blanton Roberts (hereinafter "Plaintiff") filed the present civil rights action pursuant to 42 U.S.C. §§ 1983, 1985, and 1988. *See* ECF No. 1. Plaintiff sets forth claims against former Baltimore Police Officers Marcus Taylor, Evodio Hendrix, Maurice Ward, and Wayne Jenkins[1] (referred to collectively herein as the "Officer Defendants"), the Office of the State's Attorney, Baltimore Police Department

---

[1] On December 5, 2018, Plaintiff filed a Notice of Voluntary Dismissal with respect to Defendant, Thomas Allers. *See* ECF No. 30.

(hereinafter "BPD"), former Deputy Commissioner Dean Palmere (hereinafter "Palmere"), and Major Ian Dombrowski (hereinafter "Dombrowski"). On November 21, 2018, BPD, Palmere, and Dombrowski filed Answers to the Complaint. *See* ECF Nos. 25-27. BPD simultaneously filed a Cross-Claim for Declaratory Relief regarding indemnification against the Officer Defendants. *See* ECF No. 25.

BPD, Dombrowski, and Palmere now file a motion pursuant to Federal Rules of Civil Procedure 42(b) and 26(d) to: (1) bifurcate the trial of Plaintiff's § 1983 claims against the Officer Defendants from the § 1983 *Monell*[2] and supervisory claims against the BPD, Palmere, and Dombrowski, and (2) to stay discovery relating to the § 1983 *Monell* claim against the BPD and supervisory claims against Palmere and Dombrowski, pending resolution of Plaintiff's underlying claims against the Officer Defendants.

Bifurcation of the trial and stay of discovery against BPD, Palmere and Dombrowski will (1) substantially decrease the risk of prolonged and burdensome litigation, (2) conserve judicial resources, (3) serve as a more effective method of testing the sufficiency of Plaintiff's claims against the Officer Defendants, and (4) protect against the possibility of prejudice to all Defendants. Therefore, the Court should grant this Rule 42(b) Motion to Bifurcate and the accompanying Rule 26(d) Motion to Stay Discovery.

---

[2] A "§1983 *Monell* claim" refers to the well-established Supreme Court precedent authorizing civil rights lawsuits under §1983 against municipalities, where an official policy or custom of the municipality causes a constitutional injury. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Although Plaintiff does not explicitly reference *Monell* in his numbered counts against Defendants, there is a reference to "unconstitutional custom or practice," "inadequate training," and "failure to supervise," all of which seem to signal that Plaintiff has raised *Monell* claims in this suit.

2

## II. STANDARD OF REVIEW

Rule 42(b) sets forth the standard for ordering separate trials:

**Rule 42. Consolidation; Separate Trials**

(b) Separate Trials. For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, cross-claims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Fed. R. Civ. Proc. 42(b). The Court has broad discretion in deciding whether to bifurcate claims for trial under Rule 42(b), and the exercise of that discretion will be set aside only if clearly abused. *See Dixon v. CSX Transp., Inc.*, 990 F.2d 1440, 1443 (4th Cir. 1993), *cert. denied*, 510 U.S. 915 (1993). Bifurcation of the proceedings is appropriate if any one of the conditions set forth in Rule 42(b) is met by the circumstances of a civil action. *See, e.g.*, *Jones v. Wellham*, 104 F.3d 620 (4th Cir. 1997); *James v. Frederick County Pub. Schs.*, 441 F. Supp. 2d 755, 762 (D. Md. 2006).

Rule 26(d) governs the timing of discovery and authorizes this Court to stay discovery, as appropriate, in a civil action:

**Rule 26. Duty to Disclose; General Provisions Governing Discovery.**
…
**(d) Timing and Sequence of Discovery.**

(1) Timing.

A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, *or by court order*.

Fed. R. Civ. Proc. 26(d) (emphasis added). The control and management of litigation, including the power to manage discovery, is within "the inherent power" of the Court. *See Link v. Wabash R. Co.*, 370 U.S. 626, 630-631 (1962) (holding that the power of a

3

federal court to dismiss a case *sua sponte* for failure to prosecute "is governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *White v. Office of the Pub. Defender*, 170 F.R.D. 138, 149 (D. Md. 1997) (discussing power to sanction for discovery violation).

## III. ARGUMENT

### A. BIFURCATION OF THE CLAIMS AGAINST THE OFFICER DEFENDANTS FROM THE CLAIMS AGAINST BPD, PALMERE, AND DOMBROWSKI FURTHERS JUDICIAL EXPEDIENCY AND ECONOMY.

Judges sitting on the District Court for the District of Maryland have consistently held that it is appropriate and desirable to bifurcate § 1983 *Monell* liability claims from § 1983 individual capacity claims, especially in cases involving alleged unconstitutional seizures or unconstitutional use of force by law enforcement officers under the Fourth Amendment to the Constitution.[3] *See, e.g.*, *Stafford v. Smith*, Civil Action No. RDB-17-1776, 2017 U.S. Dist. LEXIS 174495, at *10 n1 (D. Md. Oct. 19, 2017) (stating "this Court has consistently held that in the context of § 1983 claims, bifurcation of the *Monell* supervisory claims from the individual claims is appropriate and often desirable") (citations omitted); *James*, 441 F. Supp.2d at 762 (bifurcating § 1983 *Monell* claims against county from § 1983 individual liability claims against police officer); *Robertson v. Prince George's Cty.*, 215 F. Supp. 2d 664, 665 (D. Md. 2002); *Jones v. Ziegler*, 894 F. Supp. 880, 883 (D. Md. 1995); *Jones v. Wellham*, 104 F.3d 620 (4th Cir. 1997); *Dawson*

---

[3] Plaintiff's claims brought under §1983 against the individual Officer Defendants are for alleged violations of his Fourth and Fourteenth Amendment Rights.

4

*v. Prince George's Cty.*, 896 F. Supp. 537, 539-40 (D. MD. 1995); *Marryshow v. Town of Bladensburg*, 139 F.R.D. 318, 319-20 (D. Md. 1991).

Bifurcation is highly desirable in the majority of cases involving § 1983 *Monell* claims for two important reasons. First, §1983 *Monell* claims are derivative of the direct § 1983 individual liability claims. In other words, Plaintiff generally cannot pursue § 1983 *Monell* liability claims unless Plaintiff *first* prevails on the direct § 1983 individual claims against the Officer Defendants. *See Jones*, 894 F. Supp. at 883 (explaining that, "in this second stage of this civil action, plaintiff Jones is seeking to hold Anne Arundel County and three of its police chiefs also legally responsible for Ziegler's sexual assault"); *James*, 441 F. Supp. 2d at 762 (noting that, "as stated above, however, the viability of James' *Monell* claim depends upon whether Officer Burton used excessive force"); *Robertson*, 215 F. Supp. 2d at 665 (stating that "the court's practice is based upon the well established rule that a municipality cannot be liable…unless the plaintiff can establish that an individual employee of the municipality has committed a constitutional violation") (citations omitted); *Dawson*, 896 F. Supp. at 540 (remarking that "if Dawson fails in his efforts to show that an active defendant violated his constitutional rights, his claims against the County likewise fail"); *Marryshow*, 139 F.R.D. at 319 (finding that, "accordingly, a prerequisite to establishing liability of any inactive Defendant is the existence of a constitutional rights violation by one or more active Defendants").

Second, judicial economy and pragmatic considerations are served by bifurcation of direct § 1983 claims from *Monell* claims because separate trials eliminate the possibility of needless and unnecessary litigation should a plaintiff not prevail on his or

5

her direct § 1983 claims. *See James*, 441 F. Supp. 2d at 762 (commenting that "as a matter of efficient case management, discovery will be bifurcated and proceed in the first instance only as to that question"); *Dawson*, 896 F. Supp. at 540 (stating that "should the jury find Ricker, or other police officers involved, innocent, a trial against the County would be unnecessary"); *Marryshow*, 139 F.R.D. at 320 (noting that "it would not be necessary for the parties to incur the expense of preparation and trial of a case which would require the possibly extensive evidence necessary to show a custom or pattern of constitutional violations sufficient to hold the inactive Defendants liable").

Here, Plaintiff must prove that one or more of the Officer Defendants violated his constitutional rights before he can pursue his claims against BPD, Palmere, and Dombrowski. The facts of this case are unique,[4] however, the individual Officer Defendants who have answered[5] have denied wrongdoing and liability. *See* ECF No. 36, Answer of Defendants Jenkins and Taylor. It stands to reason that Plaintiff must litigate his underlying constitutional claims because the Officer Defendants were not charged criminally in connection with the incident in Plaintiff's Complaint. The Court should acknowledge the value in the present circumstances of expediency and judicial economy

---

[4] The individual Officer Defendants were members of Baltimore Police Department's Gun Trace Task Force and were later indicted for crimes ranging from overtime fraud to extortion and robberies of citizens. *See USA v. Kenton Gondo, et al.*, Crim. No. 1:17-cr-00106-CCB, Criminal Indictment, *ECF No*. 1. The Officer Defendants in this case (Hendrix, Ward, and Jenkins) all pled guilty to a range of crimes in the indictment or additional offenses not specifically charged in the underlying indictment. *See USA v. Jenkins*, Criminal Case Number 1:17-cr-00638-CCB, Jenkins Plea Agreement, *ECF No*. 5; *USA v. Kenton Gondo, et al.*, Criminal Case Number 1:17-cr-00106-CCB, Hendrix Plea Agreement, *ECF No*. 158, Ward Plea Agreement, *ECF No*. 161.

[5] By consent of the parties, the Court has allowed Defendants Ward and Hendrix until February 5, 2019 to respond to the Complaint. *See* ECF No. 34. Presumably, Ward and Hendrix will deny wrongdoing and liability in a manner similar to that of Defendants Jenkins and Taylor.

6

by requiring Plaintiff to successfully establish his individual capacity against the Officer Defendants first, before allowing Plaintiff to pursue his expansive *Monell* and supervisory liability claims against the BPD, Palmere, and Dombrowski.

### B. BIFURCATION WILL PROTECT ALL DEFENDANTS AGAINST THE RISK OF PREJUDICE.

Bifurcation is essential to eliminate prejudice to the Officer Defendants and to the BPD, Palmere, and Dombrowski.[6]

To prove BPD has an unconstitutional "policy, custom or practice" that was "the moving force" behind the violations committed by the individual Officer Defendants, Plaintiff will necessarily introduce highly prejudicial evidence of prior police misconduct. *See, e.g.*, *Gray v. Maryland*, 228 F. Supp. 2d 628, 638 (D. Md. 2002); *Dawson*, 896 F. Supp. at 540; *Marryshow*, 139 F.R.D. at 320. Bifurcation is proper to avoid the inherent prejudice and confusion that will result among the members of the jury because: (1) Plaintiff's need to introduce evidence of alleged prior police misconduct will inevitably lead to "side show" mini-trials regarding the constitutionality and relevance of such evidence; (2) any evidence of alleged prior police misconduct on the part of other non-defendant BPD officers will certainly be unduly prejudicial, and most likely inadmissible, against the Officer Defendants, under Federal Rules of Evidence 403 and 404; and (3) such evidence may or may not be admissible against BPD. *See Gray*, 228 F. Supp. 2d at 638 (explaining that "proof of a custom or policy by the [municipal entity] will likely require the plaintiffs to introduce evidence that would be irrelevant to the

---

[6] The fact that BPD has asserted a cross-claim against the former officers for a declaratory judgment does not alter the analysis. The cross-claim will be ripe for consideration if and only if Plaintiff succeeds against the officers on the individual claims against them.

7

liability of the other defendants"); *Dawson*, 896 F. Supp. at 540 (noting that "evidence of the County's custom, practice or policy may include evidence of 'prior incidents of police brutality, the nature of such incidents, and the municipal policymakers' reaction to them….While this evidence is most certainly relevant to Dawson's case against the County, the Court would not likely allow it in Dawson's case against Ricker") (citations omitted); *Marryshow*, 139 F.R.D. at 320 (commenting that "in most cases, it is likely, if not inevitable, that there will be conflicting evidence regarding any alleged prior incidents of police brutality").

Furthermore, if BPD, Palmere, and/or Dombrowski are tried simultaneously with the Officer Defendants, the introduction of evidence relating to the claims against the Officer Defendants would prejudice them. For example, if the jury finds the Officer Defendants liable to Plaintiff under § 1983, its decision might unfairly influence how they determine the issue of whether BPD had a "custom, policy, or practice" that was "the moving force" behind said constitutional violation and/or whether officers were improperly supervised. The jury may be tainted by the disposition of Plaintiff's claims against the Officer Defendants and thus not be in a position to render an impartial decision on the *Monell* claim.

Therefore, in order to avoid the well-recognized prejudice inherent in trying all of the claims together, this Court should grant the Motion to Bifurcate the claim against BPD, Palmere, and Dombrowski from the direct § 1983 claims against the Officer Defendants.

### C. DISCOVERY ON THE CLAIMS PENDING AGAINST BPD SHOULD BE STAYED PENDING THE RESOLUTION OF PLAINTIFF'S § 1983 CLAIMS AGAINST THE OFFICER DEFENDANTS.

If the Court determines that bifurcation is appropriate, it should also order a stay of discovery against BPD, Palmere, and Dombrowski in connection with the § 1983 *Monell* claim.

A stay of discovery is appropriate because it would be unnecessary for Plaintiff to delve into Defendant BPD's "policies, customs and practices" if Plaintiff is ultimately not successful in the direct § 1983 claims against the Officer Defendants. *See Gray*, 228 F. Supp. 2d at 638 (stating that "to maximize efficiency and convenience, and minimize unfair prejudice and delay, the proceedings will be bifurcated, and discovery on the claims which require proof that Gray was injured by the custom or policy of the County will be stayed until Gray's other claims have been resolved"); *Dawson*, 896 F. Supp. at 540 (holding that "in light of this conclusion, the Court will also grant Defendants' motion to stay discovery…"); *Marryshow*, 139 F.R.D. at 319 (finding that "the question of bifurcation has been raised prior to the commencement of discovery on any claims against the inactive Defendants. In this context, it is possible to combine bifurcation for trial with the postponement…of discovery relevant only to Plaintiffs' claims against the inactive Defendants").

The burden of proof necessary to establish § 1983 *Monell* liability is significantly more exacting than the proof necessary to establish the direct § 1983 liability against the Officer Defendants. *See, e.g.*, *Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 405 (1997) (stating that § 1983 itself contains no independent state-of-mind requirement necessary to prove the underlying violation, however "[w]here a plaintiff claims that the municipality has not directly inflicted an injury, but nonetheless has caused an employee to do so, rigorous standards of culpability and causation must be

applied to ensure that the municipality is not held liable solely for the actions of its employee"). In this sense, it is certain that the discovery in this case regarding the § 1983 *Monell* claim will be an enormous and lengthy task.

It will conserve both judicial and municipal resources, and likewise those of the Plaintiff, to postpone such costly and lengthy discovery until the claims against the individual Officer Defendants have been fully litigated and decided. Accordingly, in the interest of judicial economy and expediency, the Court should stay discovery against BPD, Palmere, and Dombrowski until the Plaintiff's claims against the Officer Defendants are resolved.

IV. **CONCLUSION**

For the reasons set forth above, BPD, Palmere, and Dombrowski respectfully request the Court bifurcate Plaintiff's § 1983 *Monell* claims against them from the § 1983 claims against the Officer Defendants, and further that the Court stay discovery on Plaintiff's *Monell* claim pending the resolution of Plaintiff's constitutional claims against the Officer Defendants.

Respectfully submitted,

/s/
Andre M. Davis (362)
City Solicitor

/s/
Justin S. Conroy (28480)
Kara K. Lynch (29351)
Chief Solicitors
Alexa E. Curley (19943)
Assistant City Solicitor

Baltimore City Department of Law

Office of Legal Affairs
City Hall, Room 101
100 N. Holliday Street
Baltimore, MD 21202
410-396-2496 (telephone)
410-396-2126 (facsimile)

kara.lynch@baltimorepolice.org

*Attorneys for Defendants Baltimore City
Police Department, Dean Palmere, and Ian
Dombrowski*