# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

Blanton Roberts

v.

Civil No. CCB-18-1940

Marcus Taylor, *et al.*

## MEMORANDUM

Pending before the court is the defendants Evodio Hendrix and Maurice Ward's motion to dismiss counts 6 to 15 and 21 of the complaint (ECF No. 43). For the reasons outlined below, the court will grant in part and deny in part the motion. The issues have been briefed and no oral argument is necessary. *See* Local Rule 105.6 (D. Md. 2018).

## BACKGROUND

This dispute arises out of Roberts's October 7, 2015, arrest. (Compl. ¶ 93). Around 10:55pm Roberts was standing in front of his home at 27 Abington Avenue in Baltimore, Maryland. (*Id.*). Baltimore Police Department ("BPD") officers Evodio Hendrix, Maurice Ward, Wayne Jenkins, and Marcus Taylor (the "officer defendants"), driving an unmarked police car, stopped in front of Roberts's residence. (*Id.* ¶ 94). Without warning, the officer defendants approached Roberts and "forcefully drag[ged] him to the ground." (*Id.*). The officer defendants proceeded to handcuff and detain Roberts. (*Id.* ¶¶ 95–96). Roberts maintains that the officer defendants approached, forcefully detained, and illegally searched him even though he, at no time, presented a danger to the officers or others. (*Id.* ¶ 95). Roberts also maintains that while this detention and search was underway, the officer defendants planted a silver Lorcin L380 firearm at

the scene, which they later used to justify their actions. (*Id.* ¶ 97).

After the fact, the officers contended that they had seen Roberts adjust an object at the waistband of his pants, and, therefore, approached him because they believed he was armed. (*Id.* ¶ 99). As they approached, the officer defendants contended Roberts pulled out a silver gun and turned away from the officers towards the door to his house. (*Id.* ¶ 100). The officers claimed that first Taylor, and then the rest of the officers grabbed hold of Roberts and struggled with him to get him to the floor of his porch. (*Id.* ¶ 101). The officers claimed that during this struggle, Roberts threw the gun off the porch. (*Id.*). The officers further claimed that when they searched Roberts he had three clear bags containing less than ten grams of suspected marijuana on his person. (*Id.* ¶ 103).

Roberts was indicted for violating Maryland Annotated Criminal Code §§ 4-203, 5-622, and Public Safety Article § 5-133., (*Id.* ¶ 104). On July 12, 2016, Roberts pled guilty to possessing a firearm after being convicted of a drug felony in violation of Public Safety Article § 5-133(c) and to a violation of probation. (*Id.* ¶ 106). He was sentenced to a term of imprisonment. (*Id.*). On March 1, 2017, the officer defendants were indicted for "being a rogue criminal enterprise that routinely stole, planted evidence and committed violent felonies in furtherance of their criminal enterprise." (*Id.* ¶ 107). On July 5, 2017, the State's Attorney's Office withdrew Roberts's guilty plea and entered a *Nolle Prosequi* for each of Roberts's charges. (*Id.* ¶ 108). Roberts was subsequently released from prison. (*Id.* ¶ 109).

## STANDARD OF REVIEW

When ruling on a motion under Rule 12(b)(6), the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived

therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). "Even though the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him, they also provide criteria for defining issues for trial and for early disposition of inappropriate complaints." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). "The mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters*, 684 F.3d at 439 (citation omitted). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

Officers Hendrix and Ward argue that the court should dismiss various counts against them because: (1) Roberts's § 1983 claims are defective because Hendrix and Ward are entitled to sovereign immunity under the Eleventh Amendment to the U.S. Constitution, Roberts's claims in Counts VI, VII, VIII, XI, XII, and XIII are properly brought under the Fourth Amendment to the

3

U.S. Constitution rather than the Fourteenth Amendment to the U.S. Constitution, and Roberts failed to properly plead conspiracy in Count XXI; (2) Roberts's § 1985 claims are deficient because Roberts did not plead that any of the officer defendants were motivated by "class-based, discriminatory animus"; (3) § 1988 does not create a standalone cause of action; (4) Roberts failed to comply with the Local Government Tort Claims Act's ("LGTCA") notice requirement, and his state law claims therefore fail; and (5) Roberts failed to sufficiently plead a cause of action for intentional infliction of emotional distress. (Mem. P. & A. Supp. Defs.' Mot. Dismiss ["Defs.' Mot."] at 2–3, ECF No. 43-1).

Sovereign Immunity, Fourth & Fourteenth Amendment Claims, & Conspiracy Claim

The arguments Hendrix and Ward raise regarding Roberts's official capacity, Fourth Amendment and Fourteenth Amendment, and conspiracy claims do not affect the scope of discovery at this time because the court has bifurcated the claims against the individual officer defendants from the claims against the Baltimore Police Department, former Deputy Commissioner Dean Palmere, and Major Ian Dombrowski, and because the officer defendants do not dispute that Roberts properly alleged Fourth Amendment violations. In the interest of judicial economy, the motion will be denied without prejudice as to these claims at this time. It may be renewed at the time of summary judgment.

Section 1985(3)

Roberts's § 1985(3) claims have not been sufficiently pled as to any count. *See Simmons v. Poe*, 47 F.3d 1370, 1376–77 (4th Cir. 1995) (noting that to establish a § 1985(3) claim, a litigant must demonstrate that the defendant was motivated by a "class-based, invidiously discriminatory animus"). Accordingly, the court will grant the motion to dismiss all § 1985(3) claims as to Hendrix and Ward.

Section 1988

Section 1988 will be understood as a citation to the plaintiff's potential right to attorneys' and expert fees, *see* 42 U.S.C. § 1988(b), (c), not as an independent cause of action, *see Moor v. Alameda Cty.*, 411 U.S. 693, 703–04 (1973); *Monell v. Dep't. of Social Services*, 436 U.S. 658, 701 n.66 (1978). Accordingly, the court will deny the motion as to § 1988.

State-law Claims

Roberts concedes that his state-law claims in Counts IX, X, XIV, and XV failed to comply with the LGTCA's notice requirement. (Mem. P. & A. Supp. Pl.'s Resp. Opp'n at 8, ECF No. 47-1). Accordingly, the court will grant the defendants' motion as to Counts IX, X, XIV, and XV.

## CONCLUSION

For the reasons stated above, the defendants' motion to dismiss will be granted in part and denied in part. A separate Order follows.

7/26/19
Date

Catherine C. Blake
United States District Judge