**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **BLANTON ROBERTS,** | * |
| Plaintiff, | * |
| v. | * |
| **OFFICER MARCUS TAYLOR,** *et al.*, | * |
| Defendants/Cross Defendants, | * |
| o0o | Civil No.: CCB-18-1940 |
| **BALTIMORE POLICE DEPARTMENT,** | * |
| Defendant/Cross-Plaintiff, | * |
| v. | * |
| **OFFICER MARCUS TAYLOR,** *et al.*, | * |
| Defendants/Cross-Defendants. | * |

\*   \*   \*   \*   \*   o0o   \*   \*   \*   \*   \*

**JOINT MOTION TO BIFURCATE AND STAY DISCOVERY OF CROSS-CLAIM**

Defendant/Cross-Plaintiff, the Baltimore Police Department ("BPD") and Co/Cross-Defendants, Wayne Jenkins, Marcus Taylor, Evodio Hendrix, and Maurice Ward (collectively "Officer Defendants"), by and through undersigned counsel, respectfully file this Joint Motion, pursuant to Federal Rules of Civil Procedure 42(b) and 26(d), to 1) bifurcate the trial of Plaintiff's claims against Officer Defendants from the contingent cross-claim BPD asserted against the Officer Defendants, and 2) to stay all discovery related to BPD's cross-claim against the Officer Defendants, pending resolution of Plaintiff's claims against Officer Defendants. In support of this Motion, BPD and Officers Defendants state as follows:

1. BPD asserted a cross-claim against the Officer Defendants for declaratory relief regarding whether their actions against Plaintiff were committed outside the scope of the Officer

Defendants' employment as BPD law enforcement officers and thus, raising the issue of whether the City of Baltimore or BPD would be required to indemnify a monetary judgment rendered against them on Plaintiff's underlying claims.

2. As the Court acknowledged in its Order (ECF No. 80) "[w]hether the officers were acting in the scope of their employment cannot be determined before a full development of the facts in this case in any event[,]" and thus, this Court denied Cross-Defendants, Evodio Hendrix and Maurice Ward's Motion to Dismiss without prejudice noting "[t]here is no need to decide the procedural sufficiency of the purported Rule 13(g) cross-claim at this time." ECF No. 80. In other words, without full adjudication of Plaintiff's claims against the Officer Defendants, the Court will not reach BPD's cross-claim for consideration.

3. Following the Court's ruling, undersigned counsel for the Officer Defendants and BPD (collectively, "the cross-claim parties") discussed the status of the suit and ongoing claims therein.

4. Most recently, on February 20, 2020, the cross-claim parties discussed the possibility of filing the instant motion to stay discovery, and to bifurcate BPD's cross-claim from Plaintiff's underlying claims against the Officer Defendants.

5. The cross-claim parties believe that this motion will promote judicial efficiency, expediency, economy, and eliminate the need for burdensome discovery until and after the resolution of Plaintiff's underlying claim against the Officer Defendants.

6. The cross-claim parties further believe that the aforementioned relief would reduce the costs and burden associated with discovery on the allegations at issue in BPD's cross-claim.

7. Undersigned file this joint motion in good faith, and this motion will not result in any undue delay or burden.

8. Undersigned counsel for BPD has obtained express authorization from counsel for the Officer Defendants to file this joint motion with the Court.

**WHEREFORE**, BPD and Officer Defendants, respectfully requests that this Court issue an Order: (1) bifurcating the proceedings in the above-captioned action; (2) staying all discovery as to BPD's cross-claim against the Officer Defendants, pending the outcome of the proceedings between Plaintiff and Officer Defendants; and any other relief the Court deems just and proper.

Respectfully submitted,

Andre M. Davis (No. 362)
Baltimore City Solicitor

| /s/ | /s/ |
|---|---|
| Alexa E. Ackerman (No. 19943) | Neil E. Duke (Federal Bar No.: 14073) |
| ASSISTANT SOLICITOR | Baker Donelson |
| | A Professional Corporation |
| Justin S. Conroy (No. 28480) | 100 Light Street |
| Kara K. Lynch (No. 29351) | Baltimore, MD 21202-1643 |
| CHIEF SOLICITORS | (410) 862-1198 |
| | (443) 263-7598 – Fax |
| Baltimore City Law Department | *Attorney for Wayne Jenkins and Marcus Taylor* |
| Office of Legal Affairs | |
| 100 N. Holliday Street, Room 101 | /s/ |
| Baltimore, Maryland 21202 | Christopher C. Jeffries (Fed. Bar. No. 28587) |
| Telephone: (410) 396-2495 | KRAMON & GRAHAM, P.A. |
| Facsimile:   (410) 396-2126 | One South Street, Suite 2600 |
| alexa.ackerman@baltimorecity.gov | Baltimore, Maryland 21202 |
| *Attorneys for Baltimore Police Department* | Phone: (410) 752-6030 |
| | Fax: (410) 539-1269 |
| | cjeffries@kg-law.com |
| | *Attorney for Evodio Hendrix and Maurice Ward* |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 21st day of February 2020, a copy of the foregoing Motion to Bifurcate and Stay Discovery and proposed Order were filed with the United States District Court for the District of Maryland and forwarded to all counsel of record via CM/ECF.

                                                /s/
                                   Alexa E. Ackerman (No. 19943)